## MODIFICATION OF ALLOWANCE OF ALIMONY UPON REMARRIAGE OF WIFE.

Court of Appeals for Hamilton County.

LUCILE LAWSON BAKER V. THORNE BAKER.*

Decided, January 30, 1915.

*Order for Payment of Alimony Distinguished from a Judgment—Necessity for, Ceases Upon Remarriage of Wife and Allowance May be Modified.*

1. A decree for alimony is distinguished from an ordinary judgment in that it is regulated by statute and calls for sound discretion by the court in fitting the judgment as to the amount, time and manner of payment to the facts of the case in hand.
2. Alimony is an allowance to a wife from the estate of her husband for her support, and upon her remarriage its payment becomes inconsistent and incompatible with accepted ideas regarding the institution of marriage; and where alimony is decreed in a gross sum, payable in installments running through a series of years, it will be regarded as ordered in contemplation of the wife remaining single and dependent upon her husband for support, and as such is subject to modification upon her remarriage.

---

*For opinion fixing alimony in this case see *Baker* v. *Baker*, 18 C.C.(N.S.), 302.

*Harmon, Colston, Goldsmith & Hoadly,* for plaintiff.
*Healy, Ferris & McAvoy,* contra.

JONES (E. H.), J.; JONES (Oliver B.), J., concurs; SWING, J., dissents.

On February 2, 1914, a decree was entered in the above case by which there was awarded to the plaintiff as permanent alimony the sum of $7,500 to be paid in sixteen equal quarterly installments beginning on May 1, 1914, each of said installments amounting to the sum of $468.75.

The cause came into this court on appeal from the court of insolvency, which court some time prior to said February 2, 1914, had granted to the plaintiff a divorce for the aggression of the defendant. On December 22 last, the plaintiff was married to one James A. Atwood, Jr., and now resides with her husband in the state of Connecticut. On January 11, 1915, the defendant filed an application or petition herein setting forth the facts above stated, and asking that the terms of said decree be modified and further payment of alimony as ordered therein be discontinued.

The facts above stated appeared from the evidence, and also that the plaintiff's present husband, Mr. Atwood, with whom she is now living, is supporting her and is able to continue so to do.

It is important to note that the allowance to the plaintiff was made solely for her support. There was no claim that she had brought anything in the way of property to the defendant upon her marriage to him, or that she had in any way contributed to the accumulation of any property by him. It has been argued with great ability that this court is without power to modify its former decree which, it is claimed, was in effect a judgment in favor of plaintiff, with time of payment postponed for the convenience of the defendant. In any other kind of a case except an action for alimony this claim could be urged with greater force and would be entirely convincing. But a decree for alimony has not all the elements of an ordinary judgment. The matter is regulated entirely by statute in Ohio,

and has ever been recognized by our courts as a subject which calls for the exercise of sound discretion on the part of the court in fitting its judgment, as to the amount, time and manner of payment, to the facts as they appear in a particular case.

Alimony is an allowance made to a woman upon a decree of divorce given her for her support out of the estate of her husband. This plaintiff now has another husband and is, presumably, happily living with him. While.her remarriage is entirely proper and may be regarded as highly commendable, she must have understood upon re-entering the matrimonial state that such a step would make any further support, voluntary or involuntary, from her former husband inconsistent and incompatible with accepted notions respecting one of our most sacred institutions, and that therefore the decree in her favor against him might be affected by her new relations.

While not so expressed in the decree, the payment of the sum in installments running over a period of four years was so ordered in contemplation of her remaining single and dependent upon her divorced husband during that time. The changed situation and relation into which she has voluntarily entered necessarily suggests and indeed requires, to our minds, a change or modification of this decree.

In view of the fact that the sum allowed was made payable in sixteen equal installments, and that the payment of the first installment was postponed for three months after the entering of the decree, during which time she was compelled to support herself; and taking into consideration that the first payment ordered should probably have been made greater than the subsequent installments, and that at the time this application was filed an installment was almost due, we are of the opinion that in allowing this application and granting the prayer thereof we should do so upon the condition that the defendant pay to her the sum of $2,000, and that upon compliance therewith he should be discharged from further payment.

The former decree may be modified accordingly.