Sager v. Sager.


# DIVORCE AND ALIMONY.

[Lucas (6th) Court of Appeals, November 27, 1916.]

Richards, Chittenden and Kinkade, JJ.

EDNA K. SAGER v. GEORGE LYNN SAGER.

**Facts Transpiring after Decree of Divorce and Alimony Requiring Modification of Alimony after Term.**

After a decree of divorce and alimony has been granted a wife, the decree awarding alimony may be modified after the term at which it was granted when the application therefor is based upon new facts thereafter transpiring, of such character as to make the modification necessary to suit such altered conditions.

ERROR.

*J. P. Crawford,* for plaintiff in error.
*E. H. Horton,* for defendant in error.

## CHITTENDEN, J.

The plaintiff in error filed a petition in the common pleas court seeking to have a former decree of alimony in her favor modified. A demurrer to the petition was sustained, and no further pleadings being filed, the petition was dismissed. Error is prosecuted to this action.

The petition sets forth, in substance, that in 1912, the court of common pleas of Lucas county granted her a divorce from the defendant, George Lynn Sager, and at the same time awarded a decree for alimony in her favor in the sum of $500. She alleges that she was at the same time given the care, custody and control of their two children now aged ten and eleven years respectively. That she has had the care and custody of the children since that time and that no part of the decree of alimony has been paid. It is alleged that at the time of the decree the defendant was possessed of no property and that he was at that time earning but $50 a month. That since the date of the decree the defendant has become an experienced electrical worker and that he now earns $85 per month, and that in November, 1914, he was bequeathed personal property of the value of about $15,000 and was devised real estate of the value

of $10,000. She therefore asks that in view of the changed condition of the parties the former order and decree of alimony be modified so as to meet and conform to such changed conditions and circumstances.

The nature of alimony is set forth by the Supreme Court in *Fickel* v. *Granger*, 83 Ohio St. 101, 106 [93 N. E. Rep. 527; 32 L. R. A. (N. S.) 270; 21 Ann. Cas. 1347]. It is there said that:

"Alimony is an allowance for support, which is made upon considerations of equity and public policy. * * * It is based upon the obligation growing out of the marriage relation, that the husband must support his wife, an obligation which continues even after a legal separation without her fault."

The petition sets forth that neither the plaintiff nor the defendant has been married since the granting of the divorce, and that the decree for alimony remains in effect and unpaid. If it be true, as stated by the Supreme Court in the above quotation, that the duty to support, in case of divorce because of the aggressions of the husband, continues after the granting of the divorce, then there is every reason why subsequent changes of condition should be considered by the court when its jurisdiction is sought for the purpose of having a former decree modified. We think that the question involved in this demurrer is determined by cases adjudicated in this state.

In *Olney* v. *Watts*, 43 Ohio St. 499 [3 N. E. Rep. 354], it was expressly held that a former decree of alimony may be modified in an original suit brought for that purpose, upon proper allegations of changed condition and circumstances of the parties. It was there determined that such action to modify a former decree must in no wise be based upon facts or circumstances which existed and were or might have been pleaded in the former action, but must be confined to new facts thereafter transpiring, of such character as to make the modification necessary to suit such altered conditions of the parties. In that case the award of alimony was made payable in installments but the exact amount was determined and the exact dates upon which the payments should be made were fixed by the decree. It was not a decree where installments were ordered paid until

Sager v. Sager.

the further order of the court. So that, we are unable to distinguish any difference in principle between the case under consideration in which alimony was granted in one given sum, and the decree in *Olney* v. *Watts, supra,* in which the total amount was adjudged and was made payable in separate installments. The court say in the course of the opinion:

''The real contention touches the right and duty of the court in a case like this to review, modify or vacate a former decree granting alimony payable in installments by an original suit or proceeding instituted for that purpose, when such power had not been reserved by the language and form of the former decree.''

After a learned discussion of the subject the court held, as above indicated, that the court had the power to so review and modify a former decree.

The power of the court to review and modify a former decree of alimony was also sustained by the court of appeals in Hamilton county in *Baker* v. *Baker*, 35 O. C. C. 243 (21 N. S. 590; 4 App. 170). The circuit court of this county seems to have reached the same conclusion in the case of *Meissner* v. *Meissner*, 5 Circ. Dec. 305 (11 R. 1).

Upon the strength of the decisions above cited, we hold that the common pleas court erred in sustaining the demurrer to the petition. The judgment will, therefore, be reversed and the cause remanded with instructions to overrule the demurrer and for further proceedings.

It was stated in argument by counsel for defendant in error, and not denied by counsel for plaintiff in error, that the judgment for alimony had been sold by the plaintiff and that she no longer had any interest in the same. This fact does not appear from the allegations of the petition, but if such should be the fact it would present a very different question to be determined by the court, and this decision upon the demurrer in no wise indicates what the decision of the court would be if it were alleged in the petition, or if it were alleged in the answer and proven, that the plaintiff was no longer the owner of this judgment.

**Richards** and **Kinkade, JJ.,** concur.