# CELOTEX CORP. *v.* CATRETT, ADMINISTRATRIX OF THE ESTATE OF CATRETT

No. 85–198.   Argued April 1, 1986—Decided June 25, 1986

REHNQUIST, J., delivered the opinion of the Court, in which WHITE, MARSHALL, POWELL, and O'CONNOR, JJ., joined. WHITE, J., filed a concurring opinion, *post*, p. 328. BRENNAN, J., filed a dissenting opinion, in which BURGER, C. J., and BLACKMUN, J., joined, *post*, p. 329. STEVENS, J., filed a dissenting opinion, *post*, p. 337.

*Leland S. Van Koten* argued the cause for petitioner. With him on the briefs were *H. Emslie Parks* and *Drake C. Zaharris.*

*Paul March Smith* argued the cause for respondent. With him on the brief were *Joseph N. Onek, Joel I. Klein, James F. Green,* and *Peter T. Enslein.**

---

*\*Stephen M. Shapiro, Robert L. Stern, William H. Crabtree, Edward P. Good,* and *Paul M. Bator* filed a brief for the Motor Vehicle Manufacturers Association et al. as *amici curiae* urging reversal.

JUSTICE REHNQUIST delivered the opinion of the Court.

The United States District Court for the District of Columbia granted the motion of petitioner Celotex Corporation for summary judgment against respondent Catrett because the latter was unable to produce evidence in support of her allegation in her wrongful-death complaint that the decedent had been exposed to petitioner's asbestos products. A divided panel of the Court of Appeals for the District of Columbia Circuit reversed, however, holding that petitioner's failure to support its motion with evidence tending to *negate* such exposure precluded the entry of summary judgment in its favor. *Catrett* v. *Johns–Manville Sales Corp.*, 244 U. S. App. D. C. 160, 756 F. 2d 181 (1985). This view conflicted with that of the Third Circuit in *In re Japanese Electronic Products*, 723 F. 2d 238 (1983), rev'd on other grounds *sub nom. Matsushita Electric Industrial Co.* v. *Zenith Radio Corp.*, 475 U. S. 574 (1986).[1] We granted certiorari to resolve the conflict, 474 U. S. 944 (1985), and now reverse the decision of the District of Columbia Circuit.

Respondent commenced this lawsuit in September 1980, alleging that the death in 1979 of her husband, Louis H. Catrett, resulted from his exposure to products containing asbestos manufactured or distributed by 15 named corporations. Respondent's complaint sounded in negligence, breach of warranty, and strict liability. Two of the defendants filed motions challenging the District Court's *in personam* jurisdiction, and the remaining 13, including petitioner, filed motions for summary judgment. Petitioner's motion, which was first filed in September 1981, argued that summary judgment was proper because respondent had "failed to produce evidence that any [Celotex] product . . . was the proximate cause of the injuries alleged within the jurisdic-

---

[1] Since our grant of certiorari in this case, the Fifth Circuit has rendered a decision squarely rejecting the position adopted here by the District of Columbia Circuit. See *Fontenot* v. *Upjohn Co.*, 780 F. 2d 1190 (1986).

tional limits of [the District] Court." In particular, petitioner noted that respondent had failed to identify, in answering interrogatories specifically requesting such information, any witnesses who could testify about the decedent's exposure to petitioner's asbestos products. In response to petitioner's summary judgment motion, respondent then produced three documents which she claimed "demonstrate that there is a genuine material factual dispute" as to whether the decedent had ever been exposed to petitioner's asbestos products. The three documents included a transcript of a deposition of the decedent, a letter from an official of one of the decedent's former employers whom petitioner planned to call as a trial witness, and a letter from an insurance company to respondent's attorney, all tending to establish that the decedent had been exposed to petitioner's asbestos products in Chicago during 1970–1971. Petitioner, in turn, argued that the three documents were inadmissible hearsay and thus could not be considered in opposition to the summary judgment motion.

In July 1982, almost two years after the commencement of the lawsuit, the District Court granted all of the motions filed by the various defendants. The court explained that it was granting petitioner's summary judgment motion because "there [was] no showing that the plaintiff was exposed to the defendant Celotex's product in the District of Columbia or elsewhere within the statutory period." App. 217.[2] Re-

---

[2]JUSTICE STEVENS, in dissent, argues that the District Court granted summary judgment only because respondent presented no evidence that the decedent was exposed to Celotex asbestos products *in the District of Columbia.* See *post,* at 338–339. According to JUSTICE STEVENS, we should affirm the decision of the Court of Appeals, reversing the District Court, on the "narrower ground" that respondent "made an adequate showing" that the decedent was exposed to Celotex asbestos products in Chicago during 1970–1971. See *ibid.*

JUSTICE STEVENS' position is factually incorrect. The District Court expressly stated that respondent had made no showing of exposure to Celotex asbestos products "in the District of Columbia *or elsewhere.*" App. 217 (emphasis added). Unlike JUSTICE STEVENS, we assume that

spondent appealed only the grant of summary judgment in favor of petitioner, and a divided panel of the District of Columbia Circuit reversed. The majority of the Court of Appeals held that petitioner's summary judgment motion was rendered "fatally defective" by the fact that petitioner "made no effort to adduce *any* evidence, in the form of affidavits or otherwise, to support its motion." 244 U. S. App. D. C., at 163, 756 F. 2d, at 184 (emphasis in original). According to the majority, Rule 56(e) of the Federal Rules of Civil Procedure,[3] and this Court's decision in *Adickes* v. *S. H. Kress & Co.*, 398 U. S. 144, 159 (1970), establish that "the party opposing the motion for summary judgment bears the burden of responding *only after* the moving party has met its burden of coming forward with proof of the absence of any genuine issues of material fact." 244 U. S. App. D. C., at 163, 756

the District Court meant what it said. The majority of the Court of Appeals addressed the very issue raised by JUSTICE STEVENS, and decided that "[t]he District Court's grant of summary judgment must therefore have been based on its conclusion that there was 'no showing that the plaintiff was exposed to defendant Celotex's product in the District of Columbia *or elsewhere* within the statutory period.'" *Catrett* v. *Johns–Manville Sales Corp.*, 244 U. S. App. D. C. 160, 162, n. 3, 756 F. 2d 181, 183, n. 3 (1985) (emphasis in original). In other words, no judge involved in this case to date shares JUSTICE STEVENS' view of the District Court's decision.

[3] Rule 56(e) provides:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

F. 2d, at 184 (emphasis in original; footnote omitted). The majority therefore declined to consider petitioner's argument that none of the evidence produced by respondent in opposition to the motion for summary judgment would have been admissible at trial. *Ibid.* The dissenting judge argued that "[t]he majority errs in supposing that a party seeking summary judgment must always make an affirmative evidentiary showing, even in cases where there is not a triable, factual dispute." *Id.*, at 167, 756 F. 2d, at 188 (Bork, J., dissenting). According to the dissenting judge, the majority's decision "undermines the traditional authority of trial judges to grant summary judgment in meritless cases." *Id.*, at 166, 756 F. 2d, at 187.

We think that the position taken by the majority of the Court of Appeals is inconsistent with the standard for summary judgment set forth in Rule 56(c) of the Federal Rules of Civil Procedure.[4] Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situa-

---

[4] Rule 56(c) provides:

"The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

tion, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a) . . . ." *Anderson* v. *Liberty Lobby, Inc., ante,* at 250.

Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. But unlike the Court of Appeals, we find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim. On the contrary, Rule 56(c), which refers to "the affidavits, *if any*" (emphasis added), suggests the absence of such a requirement. And if there were any doubt about the meaning of Rule 56(c) in this regard, such doubt is clearly removed by Rules 56(a) and (b), which provide that claimants and defendants, respectively, may move for summary judgment *"with or without support-ing affidavits"* (emphasis added). The import of these subsections is that, regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually un-

supported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose.[5]

Respondent argues, however, that Rule 56(e), by its terms, places on the nonmoving party the burden of coming forward with rebuttal affidavits, or other specified kinds of materials, only in response to a motion for summary judgment "made and supported as provided in this rule." According to respondent's argument, since petitioner did not "support" its motion with affidavits, summary judgment was improper in this case. But as we have already explained, a motion for summary judgment may be made pursuant to Rule 56 "with or without supporting affidavits." In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Obviously, Rule 56 does not require the nonmoving party to depose her own witnesses. Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred.

---

[5] See Louis, Federal Summary Judgment Doctrine: A Critical Analysis, 83 Yale L. J. 745, 752 (1974); Currie, Thoughts on Directed Verdicts and Summary Judgments, 45 U. Chi. L. Rev. 72, 79 (1977).

The Court of Appeals in this case felt itself constrained, however, by language in our decision in *Adickes* v. *S. H. Kress & Co.*, 398 U. S. 144 (1970). There we held that summary judgment had been improperly entered in favor of the defendant restaurant in an action brought under 42 U. S. C. § 1983. In the course of its opinion, the *Adickes* Court said that "both the commentary on and the background of the 1963 amendment conclusively show that it was not intended to modify the burden of the moving party . . . to show initially the absence of a genuine issue concerning any material fact." *Id.*, at 159. We think that this statement is accurate in a literal sense, since we fully agree with the *Adickes* Court that the 1963 amendment to Rule 56(e) was not designed to modify the burden of making the showing generally required by Rule 56(c). It also appears to us that, on the basis of the showing before the Court in *Adickes*, the motion for summary judgment in that case should have been denied. But we do not think the *Adickes* language quoted above should be construed to mean that the burden is on the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof. Instead, as we have explained, the burden on the moving party may be discharged by "showing"—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.

The last two sentences of Rule 56(e) were added, as this Court indicated in *Adickes*, to disapprove a line of cases allowing a party opposing summary judgment to resist a properly made motion by reference only to its pleadings. While the *Adickes* Court was undoubtedly correct in concluding that these two sentences were not intended to *reduce* the burden of the moving party, it is also obvious that they were not adopted to *add to* that burden. Yet that is exactly the result which the reasoning of the Court of Appeals would produce; in effect, an amendment to Rule 56(e) designed to

*facilitate* the granting of motions for summary judgment would be interpreted to make it *more difficult* to grant such motions. Nothing in the two sentences themselves requires this result, for the reasons we have previously indicated, and we now put to rest any inference that they do so.

Our conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence. See 244 U. S. App. D. C., at 167–168, 756 F. 2d, at 189 (Bork, J., dissenting); 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2720, pp. 28–29 (1983). It would surely defy common sense to hold that the District Court could have entered summary judgment *sua sponte* in favor of petitioner in the instant case, but that petitioner's filing of a motion requesting such a disposition precluded the District Court from ordering it.

Respondent commenced this action in September 1980, and petitioner's motion was filed in September 1981. The parties had conducted discovery, and no serious claim can be made that respondent was in any sense "railroaded" by a premature motion for summary judgment. Any potential problem with such premature motions can be adequately dealt with under Rule 56(f),[6] which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery.

In this Court, respondent's brief and oral argument have been devoted as much to the proposition that an adequate showing of exposure to petitioner's asbestos products was

---

[6] Rule 56(f) provides:

"Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

made as to the proposition that no such showing should have been required. But the Court of Appeals declined to address either the adequacy of the showing made by respondent in opposition to petitioner's motion for summary judgment, or the question whether such a showing, if reduced to admissible evidence, would be sufficient to carry respondent's burden of proof at trial. We think the Court of Appeals with its superior knowledge of local law is better suited than we are to make these determinations in the first instance.

The Federal Rules of Civil Procedure have for almost 50 years authorized motions for summary judgment upon proper showings of the lack of a genuine, triable issue of material fact. Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." Fed. Rule Civ. Proc. 1; see Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F. R. D. 465, 467 (1984). Before the shift to "notice pleading" accomplished by the Federal Rules, motions to dismiss a complaint or to strike a defense were the principal tools by which factually insufficient claims or defenses could be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources. But with the advent of "notice pleading," the motion to dismiss seldom fulfills this function any more, and its place has been taken by the motion for summary judgment. Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

The judgment of the Court of Appeals is accordingly reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE WHITE, concurring.

I agree that the Court of Appeals was wrong in holding that the moving defendant must always support his motion with evidence or affidavits showing the absence of a genuine dispute about a material fact. I also agree that the movant may rely on depositions, answers to interrogatories, and the like, to demonstrate that the plaintiff has no evidence to prove his case and hence that there can be no factual dispute. But the movant must discharge the burden the Rules place upon him: It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case.

A plaintiff need not initiate any discovery or reveal his witnesses or evidence unless required to do so under the discovery Rules or by court order. Of course, he must respond if required to do so; but he need not also depose his witnesses or obtain their affidavits to defeat a summary judgment motion asserting only that he has failed to produce any support for his case. It is the defendant's task to negate, if he can, the claimed basis for the suit.

Petitioner Celotex does not dispute that if respondent has named a witness to support her claim, summary judgment should not be granted without Celotex somehow showing that the named witness' possible testimony raises no genuine issue of material fact. Tr. of Oral Arg. 43, 45. It asserts, however, that respondent has failed on request to produce any basis for her case. Respondent, on the other hand, does not contend that she was not obligated to reveal her witnesses and evidence but insists that she has revealed enough to defeat the motion for summary judgment. Because the Court of Appeals found it unnecessary to address this aspect

of the case, I agree that the case should be remanded for further proceedings.

JUSTICE BRENNAN, with whom THE CHIEF JUSTICE and JUSTICE BLACKMUN join, dissenting.

This case requires the Court to determine whether Celotex satisfied its initial burden of production in moving for summary judgment on the ground that the plaintiff lacked evidence to establish an essential element of her case at trial. I do not disagree with the Court's legal analysis. The Court clearly rejects the ruling of the Court of Appeals that the defendant must provide affirmative evidence disproving the plaintiff's case. Beyond this, however, the Court has not clearly explained what is required of a moving party seeking summary judgment on the ground that the nonmoving party cannot prove its case.[1] This lack of clarity is unfortunate: district courts must routinely decide summary judgment motions, and the Court's opinion will very likely create confusion. For this reason, even if I agreed with the Court's result, I would have written separately to explain more clearly the law in this area. However, because I believe that Celotex did not meet its burden of production under Federal Rule of Civil Procedure 56, I respectfully dissent from the Court's judgment.

---

[1] It is also unclear what the Court of Appeals is supposed to do in this case on remand. JUSTICE WHITE—who has provided the Court's fifth vote—plainly believes that the Court of Appeals should reevaluate whether the defendant met its initial burden of production. However, the decision to reverse rather than to vacate the judgment below implies that the Court of Appeals should assume that Celotex has met its initial burden of production and ask only whether the plaintiff responded adequately, and, if so, whether the defendant has met its ultimate burden of persuasion that no genuine issue exists for trial. Absent some clearer expression from the Court to the contrary, JUSTICE WHITE's understanding would seem to be controlling. Cf. *Marks* v. *United States*, 430 U. S. 188, 193 (1977).

I

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. Rule Civ. Proc. 56(c). The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2727, p. 121 (2d ed. 1983) (hereinafter Wright) (citing cases); 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 56.15[3] (2d ed. 1985) (hereinafter Moore) (citing cases). See also, *ante*, at 323; *ante*, at 328 (WHITE, J., concurring). This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party. See 10A Wright § 2727. The court need not decide whether the moving party has satisfied its ultimate burden of persuasion[2] unless and until the court finds that the moving party has discharged its initial

---

[2] The burden of persuasion imposed on a moving party by Rule 56 is a stringent one. 6 Moore ¶ 56.15[3], p. 56–466; 10A Wright § 2727, p. 124. Summary judgment should not be granted unless it is clear that a trial is unnecessary, *Anderson* v. *Liberty Lobby, Inc., ante,* at 255, and any doubt as to the existence of a genuine issue for trial should be resolved against the moving party, *Adickes* v. *S. H. Kress & Co.,* 398 U. S. 144, 158–159 (1970). In determining whether a moving party has met its burden of persuasion, the court is obliged to take account of the entire setting of the case and must consider all papers of record as well as any materials prepared for the motion. 10A Wright § 2721, p. 44; see, *e. g., Stepanischen* v. *Merchants Despatch Transportation Corp.,* 722 F. 2d 922, 930 (CA1 1983); *Higgenbotham* v. *Ochsner Foundation Hospital,* 607 F. 2d 653, 656 (CA5 1979). As explained by the Court of Appeals for the Third Circuit in *In re Japanese Electronic Products Antitrust Litigation,* 723 F. 2d 238 (1983), rev'd on other grounds *sub nom. Matsushita Electric Industrial Co.* v. *Zenith Radio Corp.,* 475 U. S. 574 (1986), "[i]f . . . there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment . . . ." 723 F. 2d, at 258.

burden of production. *Adickes* v. *S. H. Kress & Co.*, 398 U. S. 144, 157–161 (1970); 1963 Advisory Committee's Notes on Fed. Rule Civ. Proc. 56(e), 28 U. S. C. App., p. 626.

The burden of production imposed by Rule 56 requires the moving party to make a prima facie showing that it is entitled to summary judgment. 10A Wright § 2727. The manner in which this showing can be made depends upon which party will bear the burden of persuasion on the challenged claim at trial. If the *moving* party will bear the burden of persuasion at trial, that party must support its motion with credible evidence—using any of the materials specified in Rule 56(c)—that would entitle it to a directed verdict if not controverted at trial. *Ibid.* Such an affirmative showing shifts the burden of production to the party opposing the motion and requires that party either to produce evidentiary materials that demonstrate the existence of a "genuine issue" for trial or to submit an affidavit requesting additional time for discovery. *Ibid.;* Fed. Rules Civ. Proc. 56(e), (f).

If the burden of persuasion at trial would be on the *non-moving* party, the party moving for summary judgment may satisfy Rule 56's burden of production in either of two ways. First, the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim. Second, the moving party may demonstrate to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. See 10A Wright § 2727, pp. 130–131; Louis, Federal Summary Judgment Doctrine: A Critical Analysis, 83 Yale L. J. 745, 750 (1974) (hereinafter Louis). If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law. *Anderson* v. *Liberty Lobby, Inc., ante,* at 249.

Where the moving party adopts this second option and seeks summary judgment on the ground that the nonmoving party—who will bear the burden of persuasion at trial—has

no evidence, the mechanics of discharging Rule 56's burden of production are somewhat trickier. Plainly, a conclusory assertion that the nonmoving party has no evidence is insufficient. See *ante*, at 328 (WHITE, J., concurring). Such a "burden" of production is no burden at all and would simply permit summary judgment procedure to be converted into a tool for harassment. See Louis 750–751. Rather, as the Court confirms, a party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence of evidence in the record. *Ante*, at 323. This may require the moving party to depose the nonmoving party's witnesses or to establish the inadequacy of documentary evidence. If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories, and other exchanges between the parties that are in the record. Either way, however, the moving party must affirmatively demonstrate that there is no evidence in the record to support a judgment for the nonmoving party.

If the moving party has not fully discharged this initial burden of production, its motion for summary judgment must be denied, and the court need not consider whether the moving party has met its ultimate burden of persuasion. Accordingly, the nonmoving party may defeat a motion for summary judgment that asserts that the nonmoving party has no evidence by calling the court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party. In that event, the moving party must respond by making an attempt to demonstrate the inadequacy of this evidence, for it is only by attacking all the record evidence allegedly supporting the nonmoving party that a party seeking summary judgment satisfies Rule 56's burden of production.[3] Thus, if the record disclosed that the moving

---

[3] Once the moving party has attacked whatever record evidence—if any—the nonmoving party purports to rely upon, the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evi-

party had overlooked a witness who would provide relevant testimony for the nonmoving party at trial, the court could not find that the moving party had discharged its initial burden of production unless the moving party sought to demonstrate the inadequacy of this witness' testimony. Absent such a demonstration, summary judgment would have to be denied on the ground that the moving party had failed to meet its burden of production under Rule 56.

The result in *Adickes* v. *S. H. Kress & Co., supra,* is fully consistent with these principles. In that case, petitioner was refused service in respondent's lunchroom and then was arrested for vagrancy by a local policeman as she left. Petitioner brought an action under 42 U. S. C. § 1983 claiming that the refusal of service and subsequent arrest were the product of a conspiracy between respondent and the police; as proof of this conspiracy, petitioner's complaint alleged that the arresting officer was in respondent's store at the time service was refused. Respondent subsequently moved for summary judgment on the ground that there was no actual evidence in the record from which a jury could draw an inference of conspiracy. In response, petitioner pointed to a statement from her own deposition and an unsworn statement by a Kress employee, both already in the record and both ignored by respondent, that the policeman who arrested petitioner was in the store at the time she was refused service. We agreed that "[i]f a policeman were present, . . . it would be open to a jury, in light of the sequence that fol-

---

dence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f). See 10A Wright § 2727, pp. 138–143. Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial. See, *e. g., First National Bank of Arizona* v. *Cities Service Co.,* 391 U. S. 253, 289 (1968).

lowed, to infer from the circumstances that the policeman and Kress employee had a 'meeting of the minds' and thus reached an understanding that petitioner should be refused service." 398 U. S., at 158. Consequently, we held that it was error to grant summary judgment "on the basis of this record" because respondent had "failed to fulfill its initial burden" of demonstrating that there was no evidence that there was a policeman in the store. *Id.*, at 157–158.

The opinion in *Adickes* has sometimes been read to hold that summary judgment was inappropriate because the respondent had not submitted affirmative evidence to negate the possibility that there was a policeman in the store. See Brief for Respondent 20, n. 30 (citing cases). The Court of Appeals apparently read *Adickes* this way and therefore required Celotex to submit evidence establishing that plaintiff's decedent had not been exposed to Celotex asbestos. I agree with the Court that this reading of *Adickes* was erroneous and that Celotex could seek summary judgment on the ground that plaintiff could not prove exposure to Celotex asbestos at trial. However, Celotex was still required to satisfy its initial burden of production.

## II

I do not read the Court's opinion to say anything inconsistent with or different than the preceding discussion. My disagreement with the Court concerns the application of these principles to the facts of this case.

Defendant Celotex sought summary judgment on the ground that plaintiff had "failed to produce" any evidence that her decedent had ever been exposed to Celotex asbestos.[4] App. 170. Celotex supported this motion with a

---

[4] JUSTICE STEVENS asserts that the District Court granted summary judgment on the ground that the plaintiff had failed to show exposure in the District of Columbia. He contends that the judgment of the Court of Appeals reversing the District Court's judgment should be affirmed on the "narrow ground" that it was "palpably erroneous" to grant summary judgment on this basis. *Post*, at 339 (dissenting). The Court replies that

two-page "Statement of Material Facts as to Which There is No Genuine Issue" and a three-page "Memorandum of Points and Authorities" which asserted that the plaintiff had failed to identify any evidence in responding to two sets of interrogatories propounded by Celotex and that therefore the record was "totally devoid" of evidence to support plaintiff's claim. See *id.*, at 171–176.

Approximately three months earlier, Celotex had filed an essentially identical motion. Plaintiff responded to this earlier motion by producing three pieces of evidence which she claimed "[a]t the very least . . . demonstrate that there is a genuine factual dispute for trial," *id.*, at 143: (1) a letter from an insurance representative of another defendant describing asbestos products to which plaintiff's decedent had been exposed, *id.*, at 160; (2) a letter from T. R. Hoff, a former supervisor of decedent, describing asbestos products to which decedent had been exposed, *id.*, at 162; and (3) a copy of decedent's deposition from earlier workmen's compensation proceedings, *id.*, at 164. Plaintiff also apparently in-

---

what the District Court said was that plaintiff had failed to show exposure in the District of Columbia "or elsewhere." *Ante*, at 320, n. 2. In my view, it does not really matter which reading is correct in this case. For, contrary to JUSTICE STEVENS' claim, deciding this case on the ground that Celotex failed to meet its burden of production under Rule 56 does not involve an "abstract exercise in Rule construction." *Post*, at 339 (STEVENS, J., dissenting). To the contrary, the principles governing a movant's burden of proof are straightforward and well established, and deciding the case on this basis does not require a new construction of Rule 56 at all; it simply entails applying established law to the particular facts of this case. The choice to reverse because of "palpable erro[r]" with respect to the burden of a moving party under Rule 56 is thus no more "abstract" than the choice to reverse because of such error with respect to the elements of a tort claim. Indeed, given that the issue of the moving party's burden under Rule 56 was the basis of the Court of Appeals' decision, the question upon which certiorari was granted, and the issue briefed by the parties and argued to the Court, it would seem to be the preferable ground for deciding the case.

dicated at that time that she intended to call Mr. Hoff as a witness at trial.   Tr. of Oral Arg. 6–7, 27–29.

Celotex subsequently withdrew its first motion for summary judgment.   See App. 167.[5]   However, as a result of this motion, when Celotex filed its second summary judgment motion, the record *did* contain evidence—including at least one witness—supporting plaintiff's claim.   Indeed, counsel for Celotex admitted to this Court at oral argument that Celotex was aware of this evidence and of plaintiff's intention to call Mr. Hoff as a witness at trial when the second summary judgment motion was filed.   Tr. of Oral Arg. 5–7. Moreover, plaintiff's response to Celotex' second motion pointed to this evidence—noting that it had already been provided to counsel for Celotex in connection with the first motion—and argued that Celotex had failed to "meet its burden of proving that there is no genuine factual dispute for trial." App. 188.

On these facts, there is simply no question that Celotex failed to discharge its initial burden of production.   Having chosen to base its motion on the argument that there was no evidence in the record to support plaintiff's claim, Celotex was not free to ignore supporting evidence that the record clearly contained.   Rather, Celotex was required, as an initial matter, to attack the adequacy of this evidence.   Celotex' failure to fulfill this simple requirement constituted a failure to discharge its initial burden of production under Rule 56, and thereby rendered summary judgment improper.[6]

---

[5] Celotex apparently withdrew this motion because, contrary to the assertion made in the first summary judgment motion, its second set of interrogatories had not been served on the plaintiff.

[6] If the plaintiff had answered Celotex' second set of interrogatories with the evidence in her response to the first summary judgment motion, and Celotex had ignored those interrogatories and based its second summary judgment motion on the first set of interrogatories only, Celotex obviously could not claim to have discharged its Rule 56 burden of production.   This result should not be different simply because the evidence

This case is indistinguishable from *Adickes*. Here, as there, the defendant moved for summary judgment on the ground that the record contained no evidence to support an essential element of the plaintiff's claim. Here, as there, the plaintiff responded by drawing the court's attention to evidence that was already in the record and that had been ignored by the moving party. Consequently, here, as there, summary judgment should be denied on the ground that the moving party failed to satisfy its initial burden of production.[7]

JUSTICE STEVENS, dissenting.

As the Court points out, *ante*, at 319–320, petitioner's motion for summary judgment was based on the proposition that respondent could not prevail unless she proved that her deceased husband had been exposed to petitioner's products "within the jurisdictional limits" of the District of Columbia.[1]

---

plaintiff relied upon to support her claim was acquired by Celotex other than in plaintiff's answers to interrogatories.

[7] Although JUSTICE WHITE agrees that "if [plaintiff] has named a witness to support her claim, summary judgment should not be granted without Celotex somehow showing that the named witness' possible testimony raises no genuine issue of material fact," he would remand "[b]ecause the Court of Appeals found it unnecessary to address this aspect of the case." *Ante*, at 328–329 (concurring). However, Celotex has admitted that plaintiff had disclosed her intent to call Mr. Hoff as a witness at trial before Celotex filed its second motion for summary judgment. Tr. of Oral Arg. 6–7. Under the circumstances, then, remanding is a waste of time.

[1] See Motion of Defendant Celotex Corporation for Summary Judgment, App. 170 ("Defendant Celotex Corporation, pursuant to Rule 56 (b) of the Federal Rules of Civil Procedure moves this Court for an Order granting Summary Judgment on the ground that plaintiff has failed to produce evidence that any product designed, manufactured or distributed by Celotex Corporation was the proximate cause of the injuries alleged *within the jurisdictional limits of this Court*") (emphasis added); Memorandum of Points and Authorities in Support of Motion of Defendant Celotex Corporation for Summary Judgment, *id.*, at 175 (Plaintiff "must demonstrate some link between a Celotex Corporation product claimed to be the cause of the decedent's illness and the decedent himself. The record is totally devoid of any such evidence *within the jurisdictional confines of this Court*") (emphasis added); Transcript of Argument in Support of Motion of Defend-

Respondent made an adequate showing—albeit possibly not in admissible form[2]—that her husband had been exposed to petitioner's product in Illinois.[3] Although the basis of the motion and the argument had been the lack of exposure *in the District of Columbia,* the District Court stated at the end of the argument: "The Court will grant the defendant Celotex's motion for summary judgment there being no showing that the plaintiff was exposed to the defendant Celotex's product in the District of Columbia *or elsewhere* within the statutory period." App. 217 (emphasis added). The District Court offered no additional explanation and no written opinion. The Court of Appeals reversed on the basis that Celotex had not met its burden; the court noted the incongruity of the District Court's opinion in the context of the motion and argument, but did not rest on that basis because of the "or elsewhere" language.[4]

Taken in the context of the motion for summary judgment on the basis of no exposure in the District of Columbia, the

ant Celotex Corporation for Summary Judgment, *id.*, at 211 ("Our position is . . . there has been no product identification of any Celotex products . . . that have been used *in the District of Columbia* to which the decedent was exposed") (emphasis added).

[2] But cf. *ante,* at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment").

[3] See App. 160 (letter from Aetna Life Insurance Co.) (referring to the "asbestos that Mr. Catrett came into contact with while working for Anning-Johnson Company" and noting that the "manufacturer of this product" was purchased by Celotex); *id.,* at 162 (letter from Anning-Johnson Co.) (confirming that Catrett worked for the company and supervised the installation of asbestos produced by the company that Celotex ultimately purchased); *id.,* at 164, 164c (deposition of Catrett) (description of his work with asbestos "in Chicago").

[4] See *Catrett* v. *Johns–Manville Sales Corp.,* 756 F. 2d 181, 185, n. 14 (1985) ("[T]he discussion at the time the motion was granted actually spoke to venue. It was only the phrase 'or elsewhere,' appearing with no prior discussion, in the judge's oral ruling at the close of argument that made the grant of summary judgment even conceivably proper").

District Court's decision to grant summary judgment was palpably erroneous. The court's bench reference to "or elsewhere" neither validated that decision nor raised the complex question addressed by this Court today. In light of the District Court's plain error, therefore, it is perfectly clear that, even after this Court's abstract exercise in Rule construction, we should nonetheless affirm the reversal of summary judgment on that narrow ground.[5]

I respectfully dissent.

---

[5] Cf. n. 2, *supra*. The Court's statement that the case should be remanded because the Court of Appeals has a "superior knowledge of local law," *ante*, at 327, is bewildering because there is no question of local law to be decided. Cf. *Bishop* v. *Wood*, 426 U. S. 341, 345–347 (1976).

The Court's decision to remand when a sufficient ground for affirmance is available does reveal, however, the Court's increasing tendency to adopt a presumption of reversal. See, *e. g.*, *New York* v. *P. J. Video, Inc.*, 475 U. S. 868, 884 (1986) (MARSHALL, J., dissenting); *Icicle Seafoods, Inc.* v. *Worthington*, 475 U. S. 709, 715 (1986) (STEVENS, J., dissenting); *City of Los Angeles* v. *Heller*, 475 U. S. 796, 800 (1986) (STEVENS, J., dissenting); *Pennsylvania* v. *Goldhammer*, 474 U. S. 28, 31 (1985) (STEVENS, J., dissenting). As a matter of efficient judicial administration and of respect for the state and federal courts, I believe the presumption should be precisely the opposite.