986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Conner GALLOWAY, a minor, by and through his mother and
natural guardian, Sadie Leanne Galloway; Sadie Leanne
Galloway, mother and next of kin of Baby Galloway, Deceased;
Sadie Leanne Galloway, individually; Paul R. Galloway,
Jr., Personal Representative of the Estate of Dan Cross
Galloway, Deceased, Plaintiffs-Appellants,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 91-6412.
 United States Court of Appeals, Tenth Circuit.
 Feb. 19, 1993.
 
 Before McKAY, Chief Judge, and LOGAN and SEYMOUR, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 Plaintiffs appeal the district court's grant of summary judgment against them in their products liability suit against defendant General Motors Corporation. Plaintiffs are passengers injured in an automobile accident or representatives of persons who died in the accident, and General Motors was the manufacturer of the 1986 Cadillac El Dorado in which they or their decedents were riding. Summary judgment was granted on the grounds that plaintiffs failed to comply with various pretrial orders, that plaintiffs proffered an entirely new theory of liability after the close of discovery, and that the basis for the expert testimony supporting the new theory was virtually nonexistent. We affirm.
 
 
 2
 Plaintiffs originally filed this suit in Oklahoma state court in July 1989. That suit was voluntarily dismissed without prejudice, and refiled one year later. After defendant removed the case to federal court the case proceeded. Plaintiffs maintained as the basis for their suit that defendant had defectively designed the steering mechanism of the automobile that was the subject of the claim by failing to install a fluid filter, thereby permitting particles to enter the steering mechanism and cause it to malfunction.
 
 
 3
 In February 1991, the district court issued a scheduling order, imposing deadlines for discovery, the filing of witness and exhibit lists, and plaintiffs' final contentions. Plaintiffs failed to identify properly their expert on their witness list, and never filed an exhibit list. After plaintiffs filed their final contentions, defendant moved for summary judgment. In response in August 1991, plaintiffs submitted an affidavit from their expert that completely changed the theory of the lawsuit. Rejecting the defective steering mechanism theory, plaintiffs' expert now asserted that the accident was caused by brake failure. Defendant moved to exclude all testimony on this issue, claiming prejudice from its proffer after the close of discovery and so near to trial.
 
 
 4
 After giving defendant the opportunity to depose plaintiffs' expert and reviewing the resulting deposition transcript, the district court granted defendant's motion for summary judgment. It held that plaintiffs' failure to comply with the court's scheduling orders was egregious and prejudicial to defendant, and that no reasonable jury could credit the testimony of plaintiffs' expert as a basis for plaintiffs' recovery.
 
 
 5
 Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Once the moving party has met its burden of properly alleging the absence of material fact, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.' " Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " Id. (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 289 (1968)). The court's role when considering a motion for summary judgment is narrowly circumscribed. "[A]t the summary judgment stage the judge's function is not [her]self to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
 
 
 6
 If a trial were to be held, the instant plaintiffs would bear the burden of proof on the causation issue. Therefore, they were required "to make a showing sufficient to establish the existence of" causation to avoid entry of summary judgment against them. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Defendants were not required to support their motion with evidence or affidavits negating the claim of causation; merely demonstrating plaintiffs' failure to support that claim was sufficient. Id. at 323. Here, even excusing all of plaintiffs' procedural defaults, the testimony of their expert as presented in the affidavit and in his deposition was insufficient to create an issue of material fact sufficient to withstand a motion for summary judgment.
 
 
 7
 Plaintiffs' expert, Gary Hansen, Ph.D., was originally retained by plaintiffs' counsel soon after the accident and was asked to render an opinion concerning the cause of the collision. Hansen was unable to examine plaintiffs' vehicle until after it had been sold and subsequently rebuilt, at which time he found no appreciable defects. Nonetheless, plaintiffs filed suit claiming a malfunction in the steering mechanism. Hansen has since disavowed any expertise in the field of fluid mechanics or particle contamination, but was nevertheless listed as plaintiffs' expert in support of that theory. Hansen had little contact with plaintiffs until their counsel sent him a letter in the summer of 1991, two years after the original filing of the case. At that time, Hansen informed plaintiffs' counsel that he now felt that the accident was caused not by steering mechanism malfunction, but by brake failure. In support of his change of mind, he referred to another accident with which he was familiar, involving a car made by Chrysler in a different year. Based on nothing more than the similarities between the two accidents, Hansen was prepared to testify to a reasonable degree of certainty that plaintiffs' accident was caused by brake failure.
 
 
 8
 We agree with the district court that this opinion, the only support for plaintiffs' theory of liability, could not support a verdict in favor of plaintiffs by a rational trier of fact. Hansen never examined the brake systems on plaintiffs' car except by simply looking under the car at the wheel assemblies after the automobile was rebuilt. Therefore, his testimony as to their malfunction would be speculative. With respect to the comparable accident, not only did that incident involve a different manufacturer's car made in a different year, but there is no evidence that the skid marks left by the two vehicles corresponded. Further, the car in the first incident had a history of brake problems, whereas plaintiffs' vehicle had no such difficulties. Given these circumstances, either the expert's testimony would have been excluded under Fed.R.Evid. 703 (thereby preventing plaintiffs from making their prima facie case), or, if admitted, could not have been credited by a reasonable jury. Because plaintiffs failed to demonstrate a genuine issue for trial, defendant was entitled to judgment as a matter of law.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3