### BETTEROADS ASPHALT CORPORATION, Plaintiff,

v.

### UNITED STATES DEPARTMENT OF TRANSPORTATION and Clement H. Monge, Defendants.

**Civil Action No. 95–02082.**

United States District Court, District of Columbia.

April 25, 1996.

Hubert J. Bell, Jr., Smith, Currie & Hancock, Atlanta, GA, for Plaintiff.

Wyneva Johnson, Assistant United States Attorney, Eric H. Holder, United States Attorney, and Lisa H. Macphee, Trial Attorney, Department of Transportation, Washington, DC, for Defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

## INTRODUCTION

Before the Court in the above-captioned case are the parties' cross-motions for sum-

---

mary judgment. This action concerns the Department of Transportation's (DOT's) determination that the plaintiff is not eligible to participate as a Disadvantaged Business Enterprise (DBE) on federal financially-assisted projects of the Puerto Rico Highway and Transportation Authority (PRHTA). The plaintiff alleges that DOT's determination was arbitrary and capricious, an abuse of discretion, or otherwise unlawful in violation of the Administrative Procedure Act, 5 U.S.C. §§ 701–706, and the plaintiff seeks a declaratory judgment that the plaintiff is eligible to participate as a DBE on federal financially-assisted projects of the PRHTA.

This is a simple dispute over the construction of a statute. The defendant has moved for summary judgment on the ground that the statute and regulations establishing the DBE program explicitly exclude from participation those businesses, such as the plaintiff's, which have gross receipts in excess of $15,370,000. The plaintiff has moved for summary judgment, arguing that the same statute and regulations do not exclude the plaintiff from participation because the plaintiff has fewer than 500 employees. Upon consideration of the filings by the parties, the entire record herein, and the law applicable thereto, and for the reasons set forth below, the Court shall grant the government's Motion for Summary Judgment and deny the plaintiff's Motion for Summary Judgment. In addition, the Court shall caution the plaintiff to review Fed.R.Civ.Proc. 11(b) prior to filing litigation in the federal courts.

## BACKGROUND

Plaintiff Betteroads Asphalt Corporation is a business primarily engaged in asphalt manufacturing and paving operations. Plaint's 108(h) Stmt ¶ 8; Def's 108(h) Stmt ¶ 2. The Puerto Rico Ports Authority certified Betteroads as a DBE for the period June 23, 1993 through June 22, 1994 and recertified the plaintiff for the period July 15, 1994 through July 15, 1995. Plaint's 108(h) Stmt ¶ 1; Def's Ctrstmt ¶ 1. Plaintiff applied to the PRHTA for DBE certification in 1993. Plaint's 108(h) Stmt ¶ 2; Def's 108(h) Stmt ¶ 3. At that time, Betteroads and its affiliate companies employed approximately 381 individuals. Plaint's 108(h) Stmt ¶ 7; Def's

108(h) Stmt ¶ 5. Betteroads' average annual receipts for the preceding three years were approximately $60 million. Def's 108(h) Stmt ¶ 3; Record at 410, 454, 458.

By letter dated May 5, 1995, the PRHTA denied Betteroads' application for DBE certification. Betteroads filed a writ of appeal, and the PRHTA subsequently denied the appeal by letter dated November 28, 1994, on the ground that Betteroads' average annual receipts precluded Betteroads from qualifying as a small business concern under the DBE program. Plaint's 108(h) Stmt ¶ 10; Def's Ctrstmt ¶ 2. On April 11, 1995, Betteroads appealed the PRHTA decision to the Department of Transportation (DOT), and the DOT denied the appeal by letter dated October 13, 1995, finding that Betteroads average gross receipts between 1990 and 1992 "far exceed this Department's $16.6 million cap, and therefore, [Betteroads] is not considered a 'small business concern'" eligible for DBE certification. Plaint's 108(h) Stmt ¶ 13; Def's Ctrstmt ¶ 4.

The plaintiff filed the immediate action in this Court on November 9, 1995, seeking judicial review of DOT's determination, in addition to a declaratory judgment that plaintiff is eligible to participate as a DBE on federal financially-assisted projects of the PRHTA. The defendants filed a Motion to Dismiss or, in the alternative, for Summary Judgment on January 19, 1996. The plaintiff filed its Cross–Motion for Summary Judgment and Opposition to Defendant's Motion on February 2, 1996. The defendants filed their Opposition and Reply on February 22, 1996, and the Plaintiff filed its Reply on March 4, 1996. The Court shall now proceed to decide those motions.

## DISCUSSION

**I. THE COURT SHALL UPHOLD DOT'S DETERMINATION THAT THE PLAINTIFF DOES NOT QUALIFY TO PARTICIPATE AS A DBE BECAUSE THE PLAINTIFF IS NOT A "SMALL BUSINESS CONCERN" AS CLEARLY DEFINED IN THE STATUTE AUTHORIZING THE DBE PROGRAM.**

The Intermodal Surface Transportation Efficiency Act of 1991 (ISTEA), Pub.L.

102–240, Title I, § 1003(b), Dec. 18, 1991, 105 Stat. 1919, provides assistance to certain disadvantaged business enterprises by requiring that "not less than 10 percent of the amounts authorized to be appropriated [under this Act] shall be expended with small business concerns owned and controlled by socially and economically disadvantaged individuals." ISTEA § 1003(b)(1). The statute clearly states that in order to qualify as a "small business concern," for purposes of the ISTEA, the entity *must* be a small business, as defined by section 3 of the Small Business Act, *and* the business must not have average annual gross receipts exceeding $15.37 million for the three preceding years:

> The term "small business concern" has the meaning such term has under section 3 of the Small Business Act (15 U.S.C. 632); *except* that such term shall not include any concern or group of concerns controlled by the same socially and economically disadvantaged individual or individuals which has average annual gross receipts over the preceding 3 fiscal years in excess of $15,-370,000, as adjusted by the Secretary for inflation.

ISTEA § 1003(b)(2)(A) (emphasis added). The regulations promulgated to implement the DBE program provide the same requirement.[1] Therefore, unless an enterprise is a small business as described by section 3 of the Small Business Act and has average gross receipts of $15.37 million or less, it cannot participate in the DBE program as set forth in the ISTEA.

The plaintiff concedes that his business exceeds the $15.37 million average annual gross receipts limit. The plaintiff argues, however, that the Small Business Act precludes size determinations based solely on average annual gross receipts, and that such

determinations must also consider the number of employees. The relevant provision of the Small Business Act states:

> *Unless specifically authorized by statute,* no Federal department or agency may prescribe a size standard for categorizing a business concern, unless such proposed size standard ... (ii) provides for determining—(I) the size of a manufacturing concern as measured by ... average employment; (II) the size of a business concern ... on the basis of *the annual average gross receipts....*"

15 U.S.C. § 632(a)(2)(C) (emphasis added). Of course, the ISTEA statute at issue in this case *specifically authorizes* the DOT to make the determination based on average annual gross receipts. By comparison, numerous other statutes incorporate the definition of "small business concern" as set forth in section 3 of the Small Business Act without such specific authorization. *See, e.g.,* 5 U.S.C. § 601(3); 15 U.S.C. § 4721(j)(4); 16 U.S.C. § 472a(i)(1); 31 U.S.C. § 3554(c)(2); 31 U.S.C. § 6701(f)(3); 35 U.S.C. § 41(h)(1); 42 U.S.C. § 7661f(c)(1)(B); 50 App.U.S.C. § 2152(16). Therefore, § 632(a)(2)(c) does not preclude the DOT's determination that the plaintiff is not a small business concern within the meaning of the ISTEA.

The plaintiff also argues that because Appendix B to 49 C.F.R. Part 23, which implements the DBE program (*see supra* note 1), explains how to apply the size standards set forth in the Small Business Act, the DOT must rely upon the Small Business Act size standards to make the DBE determination. The Court disagrees. Meeting the small business provisions of section 3 of the Small Business Act is but one of two requirements to qualify as a small business concern under the ISTEA. Just because the regulations

---

1. 49 C.F.R. Part 23, Subpart D, was promulgated to implement the Surface Transportation and Uniform Relocation Assistance Act of 1987 (STURAA), Pub.L. 100–17, Title I, § 106(c), Apr. 2, 1987, 101 Stat. 145–46. Other than adjusting the average annual gross receipts limit for inflation (adjusting the limit upward from $14 million to $15.37 million), the DBE provisions to the ISTEA are merely a word-for-word reenactment of the DBE provisions in the STURAA. 49 C.F.R. § 23.62 provides:

> *Small business concern* means a small business as defined pursuant to section 3 of the Small Business Act and relevant regulations promulgated pursuant thereto except that a small business concern shall not include any concern or group of concerns controlled by the same socially and economically disadvantaged individual or individuals which has annual average gross receipts in excess of $14 million over the previous three fiscal years. The Secretary shall adjust this figure from time to time for inflation. (Emphasis in original).

promulgated to implement the DBE program provide guidance for determining "whether or not a business is a small business concern as defined by section 3 of the Small Business Act," that does not eliminate the additional requirement set forth explicitly in the statute requiring that a business have less than $15.37 million in average annual gross receipts to qualify for the program. Additionally, the plaintiff all but ignores Appendix A, which explains the purpose behind the average annual gross receipts requirement—firms are expected to "graduate" from the DBE program "once their average annual receipts reached [$15.37] million." Appendix A also explains the method for calculating average gross receipts.

Finally, the plaintiff and defendants both dispute the legislative history of the ISTEA and its predecessor, the STURAA. The parties are putting the cart before the horse. The Court will not resort to legislative history where the dispute can be resolved by reading the clear and unambiguous language of the statute. *See Markham v. Colonial Mortgage Serv. Co.*, 605 F.2d 566, 569 (D.C.Cir.1979).

A party is entitled to summary judgment when there are no material facts in dispute and its position is correct as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Here, the parties agree that the plaintiff's average annual gross receipts far exceed $15.37 million. Accordingly, because the DOT correctly determined as a matter of law that the ISTEA precludes enterprises with average gross receipts in excess of $15.37 million from participating in the DBE program, the defendants are entitled to summary judgment.[2]

Finally, the Court shall caution the plaintiff to carefully review Rule 11 of the Federal Rules of Civil Procedure prior to filing litigation in the federal courts. Rule 11 states that by signing a pleading, an attorney certifies that, among other things, "the claims . . .

are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed.R.Civ.P. 11(b)(2).

### CONCLUSION

For the reasons discussed above, the defendants are entitled to summary judgment. The Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

### *ORDER*

For the reasons set forth in the Memorandum Opinion of even date herewith, it is, by the Court, this 25th day of April, 1996,

ORDERED that the defendants' Motion for Summary Judgment shall be, and hereby is, granted; and it is

FURTHER ORDERED that the plaintiff's Motion for Summary Judgment shall be, and hereby is, denied; and it is

FURTHER ORDERED that this case shall be dismissed from the dockets of this Court, with prejudice.

---

2. Because the Court affirms the DOT's determination that the plaintiff's average annual gross receipts preclude the plaintiff's participation in the DBE program, the defendants' argument that the plaintiff could not participate in the program for other reasons is moot.