Willie JONES, Plaintiff,

v.

Joseph GERWENS, et al., Defendants.

No. 86–7018–CIV–GONZALEZ.

United States District Court,
S.D. Florida, N.D.

Jan. 6, 1988.

Patricia Williams, Miami, Fla., for plaintiff.

Gordon Rogers, Miami, Fla., for defendants.

**ORDER**

GONZALEZ, District Judge.

**THIS CAUSE** has come before the court upon the Motion for Summary Judgment of the defendants, Joseph Gerwens, as Chief of Police of the City of Fort Lauderdale, Florida and the City of Fort Lauderdale Police Department.

This is an employment discrimination action brought under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII"). Plaintiff is a police officer with the City of Fort Lauderdale Police Department. He was suspended without pay for one (1) day and transferred from the Police Department's Mounted Unit to Uniform Patrol duties for the following alleged infractions: unauthorized use of a city vehicle; failure to obey a direct order; untruthfulness; and allowing an unauthorized civilian to ride in a city vehicle.

Plaintiff, who is black, contends that the disciplinary measures in question were racially motivated in that white police officers who committed allegedly similar offenses received lesser discipline or no discipline at all. Following plaintiff's transfer out of the Mounted Unit, a white officer was assigned to the Unit.

The defendants move for summary judgment on the ground that plaintiff cannot establish a *prima facie* case of racial discrimination. "A Title VII disparate treatment plaintiff must prove that the defendant acted with discriminatory purpose." *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1184 (11th Cir.1984). In order to make a *prima facie* case based on differential application of work or discipline rules, plaintiff must show that the misconduct for which he was disciplined was nearly identical to the conduct of another employee outside the protected class who was not disciplined. *Id.* at 1185. "When an individual proves that he was [disciplined] but one outside his class was [not] although both violated the same work rule, this raises an inference that the rule was discriminatorily applied against that individual regardless of the race or sex of the replacement." *Id.* at 1186.

Defendants argue that plaintiff cannot show that the police department failed to discipline similarly situated white police officers who committed offenses similar to plaintiff's. In their Answers to Interrogatories, defendants list 19 white police officers who were subject to discipline for untruthfulness, unauthorized use of a city vehicle, or failure to obey a direct order. Of those 19 officers, three were terminated and seven were given one- to 30-day suspensions without pay. The remaining nine white officers received either Counseling Forms or written reprimands. Furthermore, defendants have shown that a white detective was disciplined by a transfer out of the Detective Division. Both the Detective Division and the Mounted Unit are considered "specialty units" within the Police Department.

■ Plaintiff Willie Jones claims that white members of the Mounted Unit often used city vehicles for personal reasons without incident. The uncontradicted facts show that prior to October 21, 1985, Sergeant Dietrich, supervisor of the Mounted Unit, permitted the members of the Unit to use the city truck for personal use. However, at the time plaintiff used the truck, Sergeant Dietrich was no longer the supervisor of the Mounted Unit. Sergeant Ryan Runnerstrom became Supervisor of the Unit on October 21, 1985 and shortly thereafter informed plaintiff that he would run the Unit "by the book" and that things would not be the same as they had been under Sergeant Dietrich. Thus, plaintiff is not similarly situated to the white officers who used the city vehicle while working under Sergeant Dietrich's supervision. *See Lynch v. Dean*, 39 Fair Emp. Prac. Case 338, 345 (M.D.Tenn.1985) rev'd on other grounds, 817 F.2d 380, (selective enforcement not shown where one supervisor is less lenient than others).

Plaintiff has shown no instance where Sergeant Runnerstrom permitted employees to use the city vehicle for personal reasons. Although Runnerstrom did allow two white officers to use the vehicle after plaintiff had been disciplined, the officers used the vehicle in connection with Department business. One officer drove a city police car from his reporting station at the Police Barn to the Police Station for a temporary "light duty" assignment. Another was permitted to use the truck to move personal belongings to the Barn after the officer agreed to live at the Barn for security measures.

■ Plaintiff disputes defendants' contention that Sergeant Runnerstrom was su-

pervisor of the Mounted Unit on the day plaintiff used the truck. Plaintiff contends that he was acting sergeant for the day in question. There is no proof that plaintiff was named acting sergeant. Furthermore, even if Sergeant Runnerstrom had not been officially made the supervisor as of the day in question, plaintiff cannot show that he was the subject of disparate treatment. The use of a city vehicle was not the only offense for which plaintiff was disciplined. Plaintiff was also charged with untruthfulness and failure to obey an order. The evidence clearly shows that white officers charged with those offenses received similar discipline.

Plaintiff contests the validity of the charges of untruthfulness and failure to obey an order. However, the issue in this case is whether plaintiff was discriminated against because of his race, not whether there was just cause for the discipline. *See Nix,* 738 F.2d at 1187 ("The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason.").

Plaintiff has failed to show any evidence of disparate treatment. Although he alleged in his deposition that he "heard" from other officers that he was being disciplined because he was black, plaintiff has not provided the court with affidavits or even the names of those officers. As a party opposing a motion for summary judgment, plaintiff had the burden of making a showing sufficient to establish the existence of an element essential to his case, namely disparate treatment in the imposition of discipline. *See Celotex Corp. v. Catrett,* 477 U.S. 317, at 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986) (setting forth burden of party opposing motion for summary judgment). Having failed to show the existence of a material fact regarding disparate treatment, plaintiff is subject to entry of summary judgment in favor of defendants. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion for Summary Judgment of the defendants be and the same is GRANTED.

Judgment shall be entered on behalf of defendants Joseph Gerwens, as Chief of Police of the City of Fort Lauderdale, Florida, and the City of Fort Lauderdale Police Department and against plaintiff Willie Jones.