728 F.Supp. 569 (1989)
CHEATHAM'S FURNITURE CO., Plaintiff,
v.
LA-Z-BOY CHAIR COMPANY, Defendant.
No. S88-94C (5).
United States District Court, E.D. Missouri, Southeastern Division.
December 7, 1989.
*570 Stefan J. Glynias, Adrida P. Sulser, Evans & Dixon, St. Louis, Mo., for plaintiff.
Rocque E. Lipford, Miller, Canfield, Paddock & Stone, Monroe, Mich., Timothy F. Noelker, Coburn, Croft & Putzell, St. Louis, Mo., for defendant.

JUDGMENT AND ORDER
LIMBAUGH, District Judge.
Cheatham's has filed a two-count complaint against La-Z-Boy. In Count I plaintiff alleges that defendant conspired with other dealers of defendant's products located in southeastern Missouri and southern Illinois to maintain a minimum resale price on its products. Defendant allegedly terminated Cheatham's when it refused to cooperate in this scheme. In Count II plaintiff contends that defendant conspired to tortiously interfere with a business relationship. This matter is presently before the Court on defendant's motion for summary judgment.

A. Summary Judgment Standards.

Courts have recognized that summary judgment is a harsh remedy which courts should only grant when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." City of Mt. Pleasant, Iowa v. Assoc. Elec. Coop., Inc., 838 F.2d 268, 273 (8th Cir. 1988).
Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court shows that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323, 106 S.Ct. at 2552. Once that burden is met, the non-moving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). In fact, the non-moving party then bears the burden of setting forth specific facts showing that there is evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).
In passing on a motion for summary judgment, the Court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that can logically be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). Furthermore, the Court is required to resolve all conflicts of evidence in favor of the non-moving party. Robert Johnson *571 Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.

B. Facts.

In 1981, plaintiff Cheatham's became a dealer in La-Z-Boy's products at its original store in Sikeston, Missouri. In 1983 plaintiff opened a second store in Cape Girardeau, Missouri, and was also granted the right to sell defendant's products at that location. In 1985, plaintiff opened a third store in Carbondale, Illinois. Because plaintiff wished to sell defendant's products in its Carbondale store also, it approached defendant before the opening of the Carbondale store and requested that it be made a dealer at its Carbondale location. Defendant approached plaintiff with the request that plaintiff raise its price so that defendant could establish a resale price level to be followed by the other dealers. When plaintiff refused to enter into this agreement to fix prices, plaintiff was terminated as a La-Z-Boy dealer in southeast Missouri and denied access to La-Z-Boy products at its Carbondale, Illinois store.
It is defendant's contention that plaintiff has failed to establish a cause of action against La-Z-Boy because plaintiff cannot prove that there was an agreement on price or price levels as required by Business Electronics Corporation v. Sharp Electronics Corporation, 485 U.S. 717, 108 S.Ct. 1515, 99 L.Ed.2d 808 (1988).

C. Count I: Anti-Trust Violation.

Section 1 of the Sherman Act provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal." 15 U.S.C. § 1. To establish a violation of this section in an antitrust claim, plaintiff must present direct or circumstantial evidence that reasonably tends to prove that the defendant and others "had a conscious commitment to a common scheme designed to achieve an unlawful objective." Monsanto Co. v. Spray-Rite Service Corp., 465 U.S. 752, 764, 104 S.Ct. 1464, 1470, 79 L.Ed.2d 775 (1984). Circumstances must reveal "a unit of purpose or a common design or understanding, or a meeting of minds in an unlawful arrangement." Id., Pumps & Power Co. v. Southern States Industries, Inc., 787 F.2d 1252, 1256 (8th Cir.1986).
Ordinarily, § 1 violations are determined by the "rule of reason" standard. It requires the factfinder to weigh all of the circumstances of a case to determine whether "a restrictive practice should be prohibited as imposing an unreasonable restraint on competition." Continental T.V., Inc. v. GTE Sylvania, Inc., 433 U.S. 36, 49, 97 S.Ct. 2549, 2557, 53 L.Ed.2d 568 (1977).
Some agreements, however, are per se illegal. Vertical agreements on resale prices have been per se illegal since the turn of this century. Dr. Miles Medical Co. v. John D. Park & Sons, Co., 220 U.S. 373, 31 S.Ct. 376, 55 L.Ed. 502 (1911). The scope of per se illegality, however, has been strictly limited in the context of vertical restraints. The Supreme Court has held that when a vertical restraint does not include a price restriction, the restraint is not per se illegal. Continental T.V., Inc., 433 U.S. at 58, 97 S.Ct. at 2561. Furthermore, the Supreme Court recently held that "a vertical restraint is not illegal per se unless it includes some agreement on price or price level." Business Electronics Corp. v. Sharp Electronic Corp., 108 S.Ct. 1515, 1525. When a plaintiff pleads per se liability, it must then establish that some agreement to fix prices or price levels existed between the defendant and its distributors. If the plaintiff is unable to prove a price fixing agreement, then the plaintiff has failed to adduce facts sufficient to establish the existence of any element essential to the plaintiff's case. Thus, pursuant to Celotex, summary judgment would be appropriate.
At this point in the analysis the Supreme Court indicates in Business Electronics that when there is no evidence of an agreement to set particular prices, the defendant's actions should be judged by the "rule of reason" standard. Business Electronics, *572 108 S.Ct. at 1519. One court has held, however, that in order for this to occur the plaintiff must plead a "rule of reason" case. If the plaintiff pleads only a per se liability case, summary judgment must still be granted. Inter-City Tire and Auto Center v. Uniroyal, Inc., 701 F.Supp. 1120, 1123 (D.N.J.1988).
In plaintiff's complaint, plaintiff specifically alleges that in 1986 "defendant conspired with several of its dealers ... to fix the prices of defendant's products." Plaintiff's Complaint, ¶ 8. "The refusal of defendant to sell to plaintiff is the result of an illegal conspiracy and restraint of trade to maintain minimum prices ... and to drive out of business dealers that refuse to charge [those] prices.... This conspiracy is a per se violation of Section 1 of the Sherman Act, 15 U.S.C. Section 1." Plaintiff's Complaint, ¶ 10 (Emphasis added). It is evident that plaintiff alleges defendant engaged in per se illegal activity.
Defendant moves for summary judgment contending that after roughly twenty months of discovery, plaintiff has yet to prove the existence of a price-fixing agreement between defendant and its distributors, as required under Business Electronics. Thus, defendant has carried its initial burden of establishing that plaintiff has failed to adduce facts sufficient to establish the existence of an element essential to plaintiff's case. Celotex, 477 U.S. at 323, 106 S.Ct. at 2552.
Once defendant met that burden, plaintiff then bore the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson, 477 U.S. at 249, 106 S.Ct. at 2510. In light of Business Electronics, it is clear that in the instant case plaintiff must be able to point to some evidence that defendant conspired to fix prices with its distributors. In support of this assertion, plaintiff sets forth the following facts: (1) With regard to the Missouri conspiracy, Charles Cheatham, Mark Cheatham and Terry Stockman, three of plaintiff's principal officers, testified that Paul Kracht, defendant's representative, encouraged plaintiffs to fix prices; (2) Mr. Kracht informed each of the officers that if Cheatham's would raise its prices on La-Z-Boy products, then Mr. Kracht would see to it that no dealer would undercut Cheatham's and that each dealer would follow Cheatham's example; (3) Mark Cheatham and Terry Stockman stated that Hefner's Furniture in Poplar Bluff, Missouri and Morgan's Furniture in Dexter, Missouri were the conspirators, but provided no further evidence in support of these statements; (4) Charles Cheatham identified Ross Furniture in Jackson, Missouri, Harmon Furniture in Scott City, Missouri and Sleepy Hollow in Cape Girardeau, Missouri as additional conspirators; (5) None of the Cheatham's principals could state that Mr. Kracht actually had any communication with the alleged co-conspirators before speaking to Cheatham's; (6) The principals only stated that Mr. Kracht's conversation suggested that he had talked with these other dealers; (7) None of plaintiff's witnesses could point to a proposed agreement as to any specific price between La-Z-Boy and defendant's distributors; (8) Mark Cheatham testified that the agreement was in place but could not point to a specific price; (9) In Illinois, Charles Cheatham stated that La-Z-Boy refused to permit plaintiff to purchase chairs because of the existing dealers' objections; (10) Mr. Kracht stated that the introduction of Cheatham's competitive marketing practices in southern Illinois would jeopardize the dealer organization he had established to ensure the dealers would retain their existing profit margin.
Considering the above-noted facts, it is clear that plaintiff has failed to establish as required under Business Electronics that defendant in any way entered into price agreements with, or forced price levels upon, its dealers. Simply because defendant terminated plaintiff's dealership in Missouri, and refused to allow plaintiff a dealership in Illinois, is not sufficient to establish the existence of a genuine issue of fact to preclude summary judgment. There must be evidence of a price agreement. There isn't any. Thus, there is no case.
*573 In Business Electronics, the Court indicates that when evidence of a price-fixing agreement is non-existent, the claim is to be judged by the "rule of reason" standard. 108 S.Ct. at 1525. Although it is possible perhaps that plaintiff's claim could have survived a motion for summary judgment applying the "rule of reason" standard, plaintiff only alleged in its complaint a per se violation of § 1. Furthermore, when it became apparent to plaintiff that evidence of a price agreement did not exist, plaintiff did not seek leave to amend its complaint so that the "rule of reason" standard would have applied. Thus, the Court need not concern itself with that standard as it applies to this case. See, Inter-City Tire, 701 F.Supp. at 1123.
Accordingly, the Court will grant defendant's motion for summary judgment as to Count I of plaintiff's complaint.

D. Count II: Tortious Interference with a Business Relationship.

In Count II of plaintiff's complaint, plaintiff alleges that defendant conspired to tortiously interfere with a business relationship. Plaintiff contends that defendant's dealers in southeastern Missouri and southern Illinois conspired with defendant to cease selling to Cheatham's.
A civil conspiracy is "an agreement or understanding between two or more persons to do an unlawful act, or to use unlawful means to do an act which is lawful." Rosen v. Alside, Inc., 248 S.W.2d 638, 643 (Mo.1952). A contracting party is liable for civil conspiracy if he conspires with third parties to breach the contract. Lick Creek Sewer Sys., Inc. v. Bank of Bourbon, 747 S.W.2d 317, 323 (Mo.App.1988). A party to a contract, however, may not have a cause of action against the other party to the same contract under a theory of unlawful civil conspiracy, unless a third party is involved in the conspiracy. Highway Transp. Comm'n v. Commerce Bank, 763 S.W.2d 172, 177 (Mo.App.1988).
Defendant moves for summary judgment on Count II contending that plaintiff cannot prove a conspiracy. Plaintiff must bring forth evidence of collusion and concerted action of the alleged conspirators. Contour Chair Lounge Co. v. Aljean Furniture Mfg. Co., 403 S.W.2d 922, 927 (Mo.App.1966). Defendant points out that after twenty months of discovery Cheatham's is unable to name any conspirators, let alone prove by clear and convincing evidence that defendant acted in collusion or concert with anyone. Defendant proceeds on the theory that it has carried the initial burden of establishing that plaintiff has failed to adduce facts sufficient to establish the existence of an element essential to plaintiff's civil conspiracy claim. Celotex, 477 U.S. at 323, 106 S.Ct. at 2552.
Plaintiff, in attempting to meet its burden of setting forth specific facts showing that there is sufficient evidence in its favor for a jury to find that a conspiracy does exist identifies the following facts. Charles Cheatham, Mark Cheatham and Terry Stockman each testified that La-Z-Boy's representative Paul Kracht represented to them that if Cheatham's would raise its prices on La-Z-Boy products, then Kracht would insure that no dealer would undercut Cheatham's and that each dealer would follow Cheatham's example. Stockman and Mark Cheatham identified Hefner's Furniture and Morgan's Furniture as conspirators. Charles Cheatham added Ross Furniture and Sleepy Hollow to the list. Charles Cheatham said that Kracht implied that he had already discussed the agreement with the other dealers in Missouri. Furthermore, Charles Cheatham said La-Z-Boy refused to allow plaintiff to purchase chairs because of the existing dealer's objections. This is the extent of plaintiff's evidence supporting its claim that defendant conspired to tortiously interfere with a business relationship.
Based on these facts, plaintiff's evidence barely establishes that there is some doubt as to the issue of civil conspiracy, let alone establishes that there is evidence in its favor to allow a jury to return a verdict for it. Matsushita, 475 U.S. at 586, 106 S.Ct. at 1355; Anderson, 477 U.S. at 249, 106 S.Ct. at 2511. The total substance of plaintiff's evidence is conclusory statements made by plaintiff's officers to the effect *574 that defendant conspired with Hefner's Furniture, Morgan's Furniture, Ross Furniture and Sleepy Hollow to cease selling chairs to plaintiff. Plaintiff provides the Court with nothing else. The Court finds that plaintiff's conclusory statements are entirely insufficient to carry plaintiff's burden in this summary judgment motion. Thus, the Court will grant defendant's motion for summary judgment on Count II.
In conclusion, in both Count I and Count II, defendant established the absence of facts sufficient to establish the existence of an element essential to plaintiff's case. Plaintiff failed to set forth specific facts showing that such evidence does exist. Accordingly, summary judgment is appropriate.
IT IS THEREFORE ORDERED that defendant's motion for summary judgment is GRANTED.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment is hereby entered on behalf of defendant and against plaintiff in this cause of action.
IT IS FINALLY ORDERED that all other pending motions in this action are DENIED as moot.