**Warren B. SHEINKOPF, Plaintiff,**

**v.**

**John K.P. STONE, III, individually and as a representative of the members of the partnership of Nutter, McClennen & Fish, Defendant.**

**Civ. A. No. 90–10573S.**

United States District Court,
D. Massachusetts.

July 26, 1990.

Alexander H. Pratt, Jr., Peabody & Arnold, Boston, Mass., for plaintiff.

Susan J. Baronoff, Judith K. Wyman, Roche, Carens & DeGiacomo, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

SKINNER, District Judge.

The plaintiff's complaint describes a long list of asserted material misrepresentations and non-disclosures by a lawyer named David Saltiel in connection with the sale to the plaintiff of a participation in a real estate development enterprise called the Omni Group. Whether this interest was a "security" is a disputed matter which, in the light of my conclusions hereinafter stated, need not be decided. The various ventures of the Omni Group have gone sour, leaving the plaintiff subject to liability as the guarantor of several mortgages. Saltiel has declared bankruptcy, and is not a party to this action. The defendant has been sued as a representative of the law

firm of Nutter, McClennen & Fish and individually as a partner in that firm. During the time of these transactions Saltiel was a partner in Nutter, McClennen & Fish.

Each of the counts of the complaint (except Count Four) ends with the same refrain, namely a bald incantation:

The partners of Nutter, McClennen & Fish are liable for such acts and admissions by Saltiel, who was acting as one of its partners.

Count Four alleges that the partners of Nutter, McClennen & Fish were controlling persons of the Omni Group under the securities acts.

The defendant has filed a motion to dismiss or in the alternative for summary judgment, supported by the affidavit of David Saltiel. The plaintiff has filed an amended verified complaint, which he claims establishes sufficient disputes of material facts to defeat summary judgment. The amendment to the complaint is allowed. He has also filed a motion to strike portions of the Saltiel affidavit. This motion verges on the frivolous and is denied.

The plaintiff seeks to implicate Nutter, McClennen & Fish by the following asseverations:

Saltiel used his office at Nutter, McClennen & Fish, the firm's secretary and messenger, and its letterhead to carry on the business of the Omni Group;

Nutter, McClennen & Fish did legal work in connection with the acquisition of property by the various ventures controlled by the Omni Group (but none related to the dealings between the plaintiff and Saltiel);

There existed an attorney-client relationship between the plaintiff and Saltiel, and by extension through Saltiel's status as a partner, between the plaintiff and Nutter, McClennen & Fish.

There are no allegations that the partners in Nutter, McClennen & Fish, other than Saltiel, had any contact with the plaintiff, participated in any way in drafting the offering documents or took any part in the management of the Omni Group. In his affidavit, Saltiel swears that they did not.

Saltiel further avers that there was no attorney-client relationship between the plaintiff and himself. Neither Saltiel nor Nutter, McClennen & Fish ever billed the plaintiff for legal services. The plaintiff says that because he knew Saltiel was a lawyer he relied on his advice, and accordingly did not seek the advice of his own lawyer. In my opinion this is not enough to create an attorney-client relationship, which is a bi-party arrangement, a tango requiring two, even though no express agreement may have been made. Furthermore, the existence of an attorney-client relationship is belied by the plaintiff's own statement of the genesis of the relationship contained in ¶ 5 of the Amended Verified Complaint. The plaintiff's description of the transaction reflects no communication to Saltiel, by word or deed, of the plaintiff's reliance on Saltiel for *legal* as opposed to investment advice. *Cf. DeVaux v. American Home Assur. Co.*, 387 Mass. 814, 444 N.E.2d 355 (1983).

Summary judgment "is a useful device for ... putting a swift end to meritless litigation." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party moving for summary judgment must affirmatively demonstrate the absence of a genuine issue of material fact. The opponent, on the other hand, "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is "genuine" if a reasonable finder of fact could find for the opponent on the evidence presented, and "material facts" are those that might affect the outcome of the litigation under applicable substantive law. *Id.* The court must view the record in the light most favorable to the opponent of the motion and must indulge all inferences in his favor. *Oliver v. Digital Equipment Corp.*, 846 F.2d 103, 105 (1st Cir.1988). However, "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in

the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial." *Mack v. Great Atlantic and Pacific Tea Co., Inc.,* 871 F.2d 179, 181 (1st Cir.1989). *See Petitti v. New England Telephone and Telegraph Company,* 909 F.2d 28, 31 (1st Cir., 1990).

While I am sympathetic to the plaintiff's frustration arising from Saltiel's bankruptcy and the desperation of his search for a deep pocket, I conclude that he has not stated a claim against this defendant, in either his individual or his representative capacity. The cases involving attorney liability cited by the plaintiff are not even remotely apposite. While there well may be other genuine disputes of fact in this case, the question of this defendant's individual and representative responsibility is determinative, and renders those other disputes of fact immaterial.

In accordance with the application of the foregoing legal principles to the plaintiff's allegations, the defendant's motion for summary judgment is allowed.

Judgment for the defendant shall enter forthwith.