Rigaud CAMAN, Administrator, et al., Plaintiffs,

v.

CITY OF STAMFORD, et al., Defendants.

Gertrude BELIZAIRE, Administratrix, Plaintiff,

v.

CITY OF STAMFORD, et al., Defendants.

Civ. Nos. B-88-80, B-88-84 (WWE).

United States District Court, D. Connecticut.

Sept. 25, 1990.

Joseph N. Varon, Stewart M. Casper, Casper & DeToledo, Anita Cason, Stamford, Conn., for plaintiffs.

Mark Santagato, Anthony J. Marino, Michael J. Cacace, William W. Ward, D'Andrea & Cacace, Stamford, Conn., for plaintiff Belizaire.

Mary E. Sommer, Richard A. Robinson, James V. Minor, Stamford, Conn., James J. Carroll, Gillooly, McGrail, Carroll & Sheedy, P.C., Earl F. Dewey, II, Shay & Slocum, New Haven, Conn., Michael G. Durham, Delaney, Zemetis, Donahue & Durham, P.C., Wallingford, Conn., Dennis M. Laccavole, Murphy, Laccavole & Karpie, and Kevin A. Coles, Gerard McEnery, Ellen M. Costello, Catherine N. Anderson, Cotter, Cotter & Sohon, P.C., Bridgeport, Conn., for defendants.

## RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

EGINTON, District Judge.

Pending is plaintiffs' Motion for Partial Summary Judgment with respect to the defendants' Sixth Special Defense. Having considered and rejected plaintiffs' argument that the action is governed by common law principles instead of Connecticut General Statutes § 52–572h(c) (Order of July 30, 1990), the Court must now address the alternative grounds asserted in plaintiffs' Motion. Plaintiffs assert that their Motion for Partial Summary Judgment should be granted because (1) Conn.Gen. Stat. § 52–572h(c) is not applicable in the instant matter as this case is not a "negligence action"; (2) § 52–572h(c) does not apply to apportioning damages on the basis of the conduct of non-parties; (3) § 52–572h(c) is not applicable to the instant action as the damages sustained by each estate are incapable of any logical division; (4) there is no evidence to support a claim for apportionment on the basis of the conduct of Denise Roberts or some unidentified third party; and (5) the abolition of joint and several liability in Section 3 of P.A. 86–338 ("Tort Reform I") violates constitutional equal protection guarantees. As this Court is unpersuaded by any of the

plaintiffs' arguments, the Motion for Partial Summary Judgment is denied.

## DISCUSSION

■ A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American Int'l Group, Inc. v. London American Int'l Corp.,* 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

■ Review of Conn.Gen.Stat. § 52–557n and its legislative history lead the Court to conclude that through its enactment, the legislature merely codified existing case law against municipalities, making municipalities liable for negligence, with some exceptions. The mere fact that the statute created certain immunities which had not previously been recognized does not alter the fact that § 52–557n is grounded in the common law negligence cause of action. Plaintiffs' argument that § 52–557n created statutory liability and the claims asserted in Counts Nine and Ten of the Third Amended Complaints constitute statutory causes of action rather than actions in negligence, ignores the intent behind tort reform. Enactment of § 52–557n did not create any new liability for municipalities which did not exist in the common law.

■ Plaintiffs further urge the Court to limit application of § 52–572h(c) to apportionment of damages on the basis of conduct of parties. Plaintiffs argue that in determining apportionment of damages under 52–572h(c) the legislature intended that only the conduct of parties be considered. There is nothing in the legislative history of P.A. 86–338 to support the contention that by using word "person" the legislature intended that § 52–572h(c) be limited

to consideration of the conduct of "parties" to the litigation. In fact, the discussion in *The Report of the Law Revision Commission to the Judiciary Committee Comparing Public Act 86-338 ... and Prior Connecticut Law*, dated January, 1987, cited at pages 15–16 of Defendant's Reply Memorandum, supports the Court's conclusion that no such construction was intended.

■ Plaintiffs further argue that § 52–572h(c) is inapplicable to this action because the damages sustained by each estate are incapable of any logical, reasonable or practical division and there is no evidence to support a claim for apportionment on the basis of the conduct of Denise Roberts or some unidentified third party. These claims raise issues of material fact regarding the relative duties of the respective defendants and the extent to which a defendant's alleged breach of a duty proximately caused the wrongful deaths. Allegations of criminal conduct by Denise Roberts or some other unidentified party raise genuine issues of material fact as to culpability which preclude entry of summary judgment.

■ Finally, plaintiffs' argument that the abolition of joint and several liability in Section 3 of Tort Reform I violates constitutional guarantees of equal protection is equally unpersuasive. The threshold question to be addressed is the test to be applied to evaluate the constitutionality of the subject statute. The Court does not find that Section 3 of Tort Reform I discriminates against a suspect group or interferes with a fundamental right. Therefore, strict scrutiny is not required. *Dunn v. Blumstein*, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972). Nor is the Court persuaded that the intermediate standard of review, now used to assess the constitutionality of statutes involving alienage, *Plyler v. Doe*, 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982); illegitimacy, *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977); and gender classifications, *Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976); is warranted. Although the right to recover for personal injuries is an "important substantive right", *Carson v. Maurer*, 120 N.H. 925, 424 A.2d 825, 830 (1980), the Court will apply the rational relationship test to the subject statute. *Zapata v. Burns*, 207 Conn. 496, 542 A.2d 700 (1988); *Ryszkiewicz v. New Britain*, 193 Conn. 589, 598, 479 A.2d 793 (1984) ("statutes limiting or barring government liability are measured by the rational basis test"); *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

■ Applying the rational basis test, the court must consider the statute's logical tendency to promote its stated goals as against its tendency to impair other, more important, goals. *Coburn v. Agustin*, 627 F.Supp. 983, 991 (D.Kan.1985). The objective behind enactment of Tort Reform I was to apportion liability according to responsibility and to insure Connecticut municipalities would be provided continued access to liability insurance coverage. Although a result of enactment of Tort Reform I has been to limit, somewhat, the compensation which tort victims will be able to recover in multiple tortfeasor municipal liability cases, this result is rationally related to the legitimate state objective of insuring continued access to municipal liability coverage for the benefit of future tort victims in Connecticut. *See Lucas v. United States*, 807 F.2d 414 (5th Cir.1986) (Texas limit on non-economic damages in medical malpractice case does not violate federal due process or equal protection where legislature had reasonable basis for concluding that limitation was necessary to deal with perceived crisis in medical malpractice insurance industry); *Hoffman v. United States*, 767 F.2d 1431 (9th Cir.1985) (upholding California limitation on recovery for non-economic damages in medical malpractice actions since reduction of medical malpractice insurance premiums was a legitimate state purpose).

## CONCLUSION

For the foregoing reasons, plaintiffs' Motion for Partial Summary Judgment is DENIED.

SO ORDERED.