**Eileen CARAZO, Plaintiff,**

v.

**JEFFERSON PILOT LIFE INSURANCE COMPANY, Defendant.**

**Civ. No. 88–1161(RLA–JP).**

United States District Court, D. Puerto Rico.

May 17, 1991.

Gilberto Guzmán Hernández, Hato Rey, P.R., for plaintiff.

José Guillermo Vivas, Vivas & Vivas, Ponce, P.R., for defendant.

OPINION AND ORDER

PIERAS, District Judge.

The Court has before it the parties cross-motions for summary judgment. This is an action to recover an increase in insurance benefits pursuant to the Employee Retirement Income Security Act ("ERISA"). Federal jurisdiction is invoked pursuant to 29 U.S.C. § 1002, and 28 U.S.C. § 1331.

Plaintiff, Eileen Carazo, is the beneficiary of defendant Jefferson Pilot Life In-

---

surance Company's group life insurance policy, of which her deceased husband was an insured. Mr. Rafael Carazo Fournier, the decedent was an employee of Plaza Motors, the corporation which purchased the group life insurance policy for its employees in compliance with ERISA. Mr. Carazo had been employed as a General Manager for Plaza Motors since November 5, 1984. On November 3, 1986, he entered the hospital (for treatment of an ailment the record does not specify), and was not released until November 19, 1986. After Mr. Carazo's death on November 26, 1986, the plaintiff made a claim for her insurance benefits. The defendant sent plaintiff a check for $10,000.00 which she never cashed.

The Plaza Motors group life insurance policy was amended with a rider on November 15, 1986. The rider substituted an employee classification system which operated by tenure, with a classification system which operates by salary level. It is the employee classification level which determines the amount of benefits an insured's beneficiary is entitled to. The plaintiff claims that she is entitled to $150,000.00 in benefits under the new classification system, rather than the $10,000.00 limit in benefits she would have received under the old classification system. The defendant alleges that the plaintiff is not entitled to benefits under the new classification system, because Mr. Carazo was not a full time employee at the time the rider came into effect. For the reasons stated herein the defendant's Motion for Summary Judgment must be granted, and the plaintiff's Motion for Summary Judgment must be denied.

## I. SUMMARY JUDGMENT STANDARD OF REVIEW

A motion for summary judgment is appropriate when:

[T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). *Brennan v. Hendrigan*, 888 F.2d 189, 191 (1st Cir.1989); *see e.g., Medina–Muñoz v. R.J. Reynolds*, 896 F.2d 5 (1st Cir.1990). A "genuine" issue is one that is dispositive, and must therefore be decided at trial. *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A "material" fact is one which affects the outcome of the suit and must be resolved before attending to related legal issues. *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d at 181.

Essentially, Rule 56(e) mandates that summary judgment be entered against a party who fails to establish the existence of an element essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Thus, the burden is first on the movant, to show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. at 325, 106 S.Ct. at 2554. Thereafter, the burden shifts to the nonmovant to establish the existence of a genuine material issue. *Brennan v. Hendrigan*, 888 F.2d at 191. The nonmovant, however, cannot rest upon mere allegation or denial of the pleadings. Fed.R.Civ.P. 56.

Although the parties in this case have filed cross-motions for summary judgment, such motions "are not ordinarily to be treated as the equivalent of submission upon an agreed-upon record." *Wiley v. American Greetings Corp.*, 762 F.2d 139, 140 (1st Cir.1985). Cross-motions for summary judgment

are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist. If any such issue exists it must be disposed of by a

**6**

plenary trial and not on summary judgment.

*Id.* at 140–41 (citation omitted). In the instant case, there are no genuine issues of material fact which require a plenary trial.

## II. THE INSURANCE CONTRACT

█ Rider No. 3, is the amendment to Plaza Motors Group Policy No. 15,211, which substituted the old Schedule of Insurance Employee Classification, effective November 15, 1986. Rider 3, specifically states:

This rider applies to all insured persons who are actively at work. To be actively at work, an insured person must:

1. be able to do the normal tasks of his job on a full time basis for a full work day on the day his insurance (or increase in the amount of it) is to begin; and

2. be able to do such tasks at one of his employer's normal places of business or at a location to which he must travel to do his job; and

3. not be absent from work because of leave of absence or temporary layoff.

Defendant Summary Judgment Motion Exhibit C–1. Thus, the determinative issue in this case is whether the decedent was an active full time employee *at the time Rider No. 3 came into effect,* that is November 15, 1986. On November 15, 1986, Mr. Carazo was still in the hospital. He was not released until November 19, 1986, and died shortly thereafter on November 26, 1986.

The plaintiff asserts that despite Mr. Carazo's hospitalization, he was an active full time employee of Plaza Motors. In the plaintiff's "Motion in Opposition to Motion for Summary Judgment" at 4, it is stated that Mr. Carazo made a business phone call on November 14, 1986, and conducted a business meeting on November 16, 1986. In addition, the plaintiff asserts that the decedent held a business meeting at his home on November 19, 1986. Yet, other than these blanket statements, the plaintiff presents no other evidence to support her claim. The plaintiff's own Motion for Summary Judgment includes only one exhibit—

Ralph Carazo's pay stub for the week ending November 14, 1986.

The plaintiff's description of the decedent's performance of work related tasks during his hospitalization and home confinement, is not equivalent to an active full time employee's work day; and the plaintiff's entreaty for an interpretation of the insurance policy which would allow his actions to be construed as such, would be a "torture [of the contractual] language in an attempt to force particular results ...", which the First Circuit has proscribed District Courts against. *Burnham v. Guardian Life Ins. Co. of America,* 873 F.2d 486, 489 (1st Cir.1989).

█ *Burnham* closely parallels this case, in that at the time the *Burnham* employer obtained its group life insurance policy, the decedent was hospitalized and later discharged to his home. The *Burnham* insurance policy also specifically provided that its coverage only embrace full time employees, just as the rider in this case provides. The First Circuit in *Burnham* clearly stated that "straightforward language in an ERISA-regulated insurance policy should be given its natural meaning." *Id.* The common-sense canons of contract interpretation must be utilized by the Court, because the benefit provisions of an ERISA-regulated group life insurance policy are interpreted under principles of federal substantive law. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 1558, 95 L.Ed.2d 39 (1987); *Wickman v. Northwestern Nat. Ins. Co.,* 908 F.2d 1077, 1084 (1st Cir.1990).

The natural meaning of Rider No. 3, indicates that the decedent must have been able to work a full work day at his employer's normal place of business, in order to be entitled to benefits under the new employee classification schedule. Even if Mr. Carazo was able to perform some of his work duties at his home, his home is not a normal place of business. Nor is his home a location to which he had to travel to do his job. Therefore, Mr. Carazo was not an active full time employee at the time Rider No. 3 came into effect, and his beneficiary is only entitled to benefits under the old

employee classification system ($10,000.00). As there is no genuine issue of material fact concerning the plaintiff's insurance benefits, summary judgment will be entered in favor of the defendant.

IT IS SO ORDERED.