959 F.2d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elbert D. ACORD, Plaintiff-Appellant,
v.
Robert BROWN, Jr.; Robert E. Lecureux; Linda M. Metrish;
Louis Berlinger; Leo Stelmaszek, Classification
Dir., Defendants-Appellees.
 No. 91-1865.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1992.
 
 Before KENNEDY and SILER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Elbert Acord moves for counsel and appeals the district court's order granting the defendants' motion for summary judgment in this 42 U.S.C. § 1983 prisoner civil rights case. The record shows that Acord is no longer a prisoner as he was discharged from the Michigan Department of Corrections on July 30, 1991. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Acord claimed that defendant Brown failed to ensure that his employees properly classify inmates to appropriate security levels, failed to reduce overcrowding and failed to provide adequate staffing. Because of Brown's actions, Acord claimed that a corrections officer was assaulted, with the result that staff retaliated against the prisoners in his block. He also alleged that the defendants violated his constitutional rights when they confiscated legal materials from his cell, including his legal files, research notes, trial transcripts, materials from a paralegal correspondence course, and other inmates' legal files material. As a result, he claimed he was denied access to the courts. He further alleged that the administrative hearing concerning the matter was conducted in such a manner that his due process rights were violated. The defendants are the Director and various employees of the Michigan Department of Corrections employed at the Kinross Correctional Facility. They are sued in both their individual and official capacities. Acord requested damages and injunctive relief.
 
 
 3
 The district court granted summary judgment for the defendants, deciding that Acord failed to establish that he was entitled to relief. See Turner v. Safley, 482 U.S. 78, 84-91 (1987); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985); Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).
 
 
 4
 Acord basically raises the same arguments on appeal.
 
 
 5
 As an initial matter, Acord's claims that defendant Brown failed to ensure that his employees properly classify inmates to appropriate security levels, failed to reduce overcrowding and failed to provide adequate staffing were not raised on appeal. These claims are thus abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 The district court correctly granted summary judgment for the defendants as the record shows that there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 7
 Specifically, Acord's claims that the defendants violated his constitutional rights by confiscating legal materials from his cell are meritless. According to the relevant policy directives, Acord was entitled to maintain up to one duffel bag and one footlocker of personal property in his cell. During the incident at issue, he was ordered to pack his personal property into his duffel bag, footlocker, and one cardboard box in order to determine whether his property exceeded the allowable limits. Only that property which exceeded these limits was stored and subjected to the administrative hearing. The defendants alleged that Acord was given an hour to sort through his personal property and pack his luggage. Acord agreed that he packed his own property, but denied that he had time to sort his belongings. He also claimed that the duffel bag provided was only half-sized. While he claimed that his access to the courts was impaired when the defendants confiscated his excess legal property, he has not shown prejudice to any pending litigation. See Walker, 771 F.2d at 932. Moreover, he did not establish that he was prohibited from using law books and the law library. This is all that is constitutionally required. See Bounds v. Smith, 430 U.S. 817, 825 (1977). As with all constitutional rights, Acord's right to access to the courts is subject to reasonable restriction where justified by legitimate penological objectives. See Turner, 482 U.S. at 84-91. Those objectives in this case were to prevent loss or damage and preventing fire, safety or sanitation hazards.
 
 
 8
 Next, Acord's claim that his due process rights were violated because of the manner in which the defendants conducted his administrative hearing is meritless. As previously described, Acord was unable to pack all his personal property into a duffel bag and footlocker, so his excess property was stored in a cardboard box. Acord claimed that certain legal papers which were exempt from the personal property restriction were included in the excess property. In accordance with the relevant policy directive, an administrative hearing was held to decide the matter. At the conclusion of the hearing, the defendants returned a stack of excess legal materials to Acord. This material was determined to be allowable excess legal materials. However, certain legal materials were determined excessive and not allowed because they were either available in the institution library, belonged to another prisoner with whom Acord did not have a legal assistance agreement on file, or were not currently pending. Even assuming that the administrative rule and policy directives at issue created a liberty or property interest, the district court correctly dismissed this claim. Acord received notice of the hearing, a full hearing, and written notice of the decision. This process was adequate under the Constitution. See Wolff, 418 U.S. at 563-67.
 
 
 9
 For these reasons, the motion for counsel is denied and the district court's order is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.