991 F.2d 801
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Thomas E. HOPE, Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.
 No. 92-3295EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 15, 1993.
Filed: April 15, 1993.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and Hansen, Circuit Judge.
 PER CURIAM.
 
 
 1
 Thomas E. Hope settled a Title VII action against the Department of Veterans Affairs (VA), which issued the settlement check payable jointly to Hope and his attorney. After reaching an agreement on attorney fees, Hope and his attorney endorsed the check. Hope then filed this action alleging the VA was responsible for his attorney fees. Hope contended the VA violated the settlement agreement by issuing a joint check because it forced Hope to pay his attorney fees. Finding the settlement agreement was silent about attorney fees, the district court granted the VA Secretary's motion for summary judgment. Hope appeals, and we affirm.
 
 
 2
 We review the district court's grant of summary judgment de novo. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). Although Hope filed an affidavit in response to the summary judgment motion, he failed to set forth specific facts showing there was a genuine issue for trial. See Celotex Corp. v. Catrell, 477 U.S. 317, 324 (1986). The settlement agreement was silent about attorney fees, and Hope's affidavit did not state the VA agreed to pay Hope's attorney fees. Thus, we conclude summary judgment was proper.
 
 
 3
 Accordingly, we affirm.