12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary Dale BRYMER, Plaintiff-Appellant,
v.
Tom AGNOS; Copeland, Officer, Sgt. Fletcher and Mail &
Property Personal, etc., Defendants-Appellees.
 No. 92-16721.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1993.*
Decided Nov. 18, 1993.
 
 1
 Before: CANBY AND NOONAN, CIRCUIT JUDGES AND ORRICK,** DISTRICT JUDGE.
 
 
 2
 MEMORANDUM***
 
 
 3
 Gary Brymer brought suit pursuant to 42 U.S.C. Sec. 1983 against various employees of the Maricopa County Sheriff's Department for allegedly opening and delaying delivery, for three days,[1] of a letter from his attorney. The district court granted summary judgment for defendants, finding that Brymer had not demonstrated an injury to his constitutional rights. We affirm.
 
 
 4
 * We review de novo the district court's grant of summary judgment. Miller v. Newbauer, 862 F.2d 771 (9th Cir.1988).
 
 
 5
 In granting judgment for the defendants, the district court stated that:
 
 
 6
 only a single instance in which one piece of the plaintiff's legal mail was opened outside of his presence and then delivered to him at most five days late ... is simply insufficient to create a wrong of constitutional dimensions.
 
 
 7
 The district court relied on Bruscino v. Carlson, 654 F.Supp. 609, 618 (N.D.Ill.1987), aff'd, 854 F.2d 162 (1988), cert. denied, 491 U.S. 907 (1989), as authority for this conclusion. Bruscino, however, stands only for the proposition that an isolated instance of opening a prisoner's mail does not constitute a violation of the Due Process Clause of the Fourteenth Amendment, when no harm is alleged beyond the opening itself. See also Stevenson v. Koskey, 877 F.2d 1435 (9th Cir.1989); Bryant v. Maffucci, 923 F.2d 979 (2nd Cir.), cert. denied, 112 S.Ct. 152 (1991); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir.1990); Staples v. Harden, 1993 WL 311473 (N.D.Cal.1993). See generally Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 8
 Brymer, however, alleged violation not only of the Due Process Clause, but also that the delay in delivery of his mail violated his Sixth Amendment right to effective access to the courts. Thus, the district court erred in relying solely on Bruscino. Such claims--even if they are premised on only isolated incidents--have been held to be cognizable constitutional violations where the plaintiff could show he was actually prejudiced by the incident. See Smith v. Maschner, 899 F.2d at 944; Jackson v. Procunier, 789 F.2d 307, 310-11 (5th Cir.1986). Indeed, research reveals, and defendants cite, no contrary authority.[2]
 
 
 9
 Summary judgment nonetheless was appropriate. Once defendants pointed out that Brymer had failed to provide any evidence in support of his contention that he was prejudiced by the three day delay in mail delivery, Brymer, to survive their motion, had to come forward with evidence supporting his claims sufficient to show that there was a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 325-26 (1986). Here, not only was Brymer put on notice by defendants' pleadings, but the district court specifically advised Brymer of the need to adduce evidence in support of his allegations, and to point to specific facts that supported his contentions. See Brymer v. Agnos, No. CIV 91-823, 6-11-92 Order; see also Celotex, 477 U.S. at 326 (district court can grant summary judgment sua sponte as long as losing party has been put on notice to come forward with evidence).
 
 
 10
 The only prejudice that Brymer alleged is that the delay in getting access to the funds contained in the letter prejudiced his defense to the charges for which he was being detained. Aside from this bare allegation, Brymer pointed to no facts in the record, and adduced no evidence, that tended to support this claimed prejudice. Therefore, the district court properly granted summary judgment for defendants.
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without orasl argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable William H. Orrick, Jr. United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 In his pleadings, Brymer sometimes alleges that the mail arrived on Thursday, April 4, and other times alleges that it arrived on Friday, April 5. He admits it was delivered on Monday, April 8. Construing the pleadings in the light most favorable to Brymer, Miller v. Newbauer, 862 F.2d 771 (9th Cir.1988), and construing them liberally in light of the fact that Brymer is a pro se plaintiff in a civil rights case, id. at 775, we assume the mail arrived on April 4. Since Brymer admits that Sheriff's Department policy gave it 24 hours to deliver his mail, the mail was improperly delayed, at most, 3 days
 
 
 [2]
 Defendants' reliance on Daniels v. Williams is unavailing. Daniels is limited to alleged violations of the procedural component of the Due Process Clause. Zinnerman v. Burch, 494 U.S. 113, 125 (1990). It has never been extended to violations of the substantive component of the clause, nor has it been extended to apply allegations of violations of rights secured by other amendments to the Constitution
 
 
 [3]
 Defendants' motion to strike portions of Brymer's brief is denied