57 F.3d 1070
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Douglas PATWIN, Plaintiff-Appellant,
v.
Thomas DOTY; Robert Leon; Alfred McClean, Defendants-Appellees.
 No. 94-2331.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1995.
 
 1
 Before: MARTIN and SILER, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 This pro se Michigan state prisoner appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages and equitable relief, Douglas Patwin sued an Internal Investigator (Tom Doty), a Sergeant (Alfred McLean), and a Corrections Officer (Robert Leon) at the Kinross Correctional Facility in their official and individual capacities. Patwin claimed that the defendants retaliated against him by issuing misconduct tickets and terminating his job in the prison library in response to his use of the institutional grievance system, in violation of the First and Fourteenth Amendments.
 
 
 4
 The case was submitted to a magistrate judge who recommended that Patwin's damages claim against the defendants in their official capacities and his claim for injunctive relief be dismissed. The district court adopted the magistrate judge's report and recommendation and allowed Patwin to go forward with his claim that the defendants' violated his constitutional rights by acts of retaliation. Subsequently, upon consideration of defendants' motion for summary judgment and Patwin's response, the magistrate judge recommended that summary judgment be granted in favor of the defendants. The district court adopted the magistrate judge's report and recommendation over Patwin's objections. In his timely appeal from that judgment, Patwin reasserts that the defendants retaliated against him.
 
 
 5
 Initially, it is noted that Patwin does not appeal the district court judgment dismissing his claims for damages against the defendants in their official capacities and his claim for injunctive relief. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 6
 This court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 252.
 
 
 7
 Upon review, we conclude that the district court properly granted the defendants' motion for summary judgment. Patwin has not alleged that the defendants have prevented him from exercising his rights under the grievance system, but that they have retaliated against him for doing so. Such a claim is construed as a substantive due process claim. See, e.g., Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). In order to prevail on this claim, Patwin must establish that defendants' actions constitute "egregious abuse of governmental power" or that such actions otherwise shock the conscience. Id. Moreover, Patwin must show that the allegedly retaliatory action would not have been taken but for the exercise of his activities. See Newsom v. Norris, 888 F.2d 371, 377 (6th Cir.1989).
 
 
 8
 The defendants met their initial burden of proof by showing an absence of evidence to support Patwin's claim. In their affidavits attached to their initial motion for dismissal, the defendants averred that they did not conspire with one another to deprive Patwin of his constitutional rights and that they strictly adhered to the prison's investigative and disciplinary procedures.
 
 
 9
 In the face of this evidence, Patwin was required to present significant probative evidence in support of his complaint in order to defeat the defendants' motion for summary judgment. Anderson, 477 U.S. at 248-49; LaPointe, 8 F.3d at 378. Patwin has not met this burden. Patwin did not establish that the defendants' actions constitute "egregious abuse of governmental power" or that such actions otherwise shock the conscience. Cale, 861 F.2d at 949-50. Defendant Doty was empowered to investigate a grievance Patwin filed against McLean and arrive at a conclusion.
 
 
 10
 Moreover, Patwin did not show that the allegedly retaliatory action would not have been taken but for the exercise of his activities. See Newsom, 888 F.2d at 377. Patwin has not come forward with any evidence to show that the major misconduct tickets issued by defendant Leon were in any way connected with Patwin's filing of a grievance against defendant McLean. Importantly, Patwin does not deny having committed any of the offenses for which he was charged by defendant Leon. Thus, Patwin has not presented any evidence to support his claim that adverse action was taken against him which would not have otherwise been taken if he had not filed the grievance against defendant McLean.
 
 
 11
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation