United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1135

_____

Lynn Brunsman; Karen Brunsman,     *
     *
     Plaintiffs - Appellants,     *
     *
     v.     *
     *
DeKalb Swine Breeders, Inc.,     *
     *
     Defendant - Appellee.     *


_____

No. 97-1136

_____

Appeals from the United States
District Court for the
Northern District of Iowa.

Ronald J. Nelson; Brenda K. Nelson,     *
     *
     Plaintiffs - Appellants,     *
     *
     v.     *
     *
DeKalb Swine Breeders, Inc.,     *
     *
     Defendant - Appellee.     *

_____

No. 97-1253

_____

Lynn Brunsman; Karen Brunsman,    *
    *
    Plaintiffs - Appellees,    *
    *
    v.    *
    *
DeKalb Swine Breeders, Inc.,    *
    *
    Defendant - Appellant.    *


_____

Submitted: December 10, 1997
Filed:     March 6, 1998

_____

Before McMILLIAN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Lynn and Karen Brunsman and Ronald and Brenda Nelson appeal the district court's entry of summary judgment against them on their breach of warranty claims against DeKalb Swine Breeders, Inc. Both couples are hog farmers who bought boars from DeKalb to use for breeding. Their contracts disclaimed any warranty of merchantability, health, or fitness for a particular purpose and limited the buyer's remedy to replacement of the boars. The boars allegedly transmitted a virus to the Brunsmans' and Nelsons' sows, causing the sows to give birth to piglets that suffered from "Shaky Pig Syndrome." The Nelsons and Brunsmans filed these suits for breach of warranty. They contend that the limitations on warranty and remedy in the contracts

-2-

are unconscionable. The district court[1] held that the limitations were not unconscionable and granted DeKalb summary judgment. Nelson v. DeKalb Swine Breeders, Inc., 952 F. Supp. 622 (N.D. Iowa 1996) and Brunsman v. DeKalb Swine Breeders, Inc., 952 F. Supp 628 (N.D. Iowa 1996). The Brunsmans and Nelsons appeal, arguing that the limitations were unconscionable, and DeKalb cross-appeals, arguing that the court should have entered judgment for it on the ground that the buyers did not file suit within the limitations period prescribed in the contract. We affirm.

We review de novo the district court's grant of summary judgment. Summary judgment is proper only if the record, viewed in the light most favorable to the non-movant, shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The contracts for sale of the boars stated in boldface and capital letters:

> **LIMITATION ON WARRANTIES AND REMEDIES**
> **A.     WARRANTIES AND DISCLAIMERS OF WARRANTIES. DEKALB WARRANTS ONLY THAT THE SWINE ARE AS DESCRIBED IN THIS CONTRACT, AND DEKALB ALSO PROVIDES THE LIMITED WARRANTIES REGARDING FERTILITY AS SET FORTH MORE FULLY IN** [the paragraph on the fertility warranty].

It is undisputed that these warranties do not address the defect that actually existed in the boars-- infection with a contagious virus. That defect was addressed in the same paragraph, in boldface, capital letters, and red print:

---

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

**DEKALB GIVES NO OTHER WARRANTIES, EXPRESS OR IMPLIED, REGARDING THE SWINE OR THEIR PROGENY. DEKALB GIVES NO WARRANTIES OF MERCHANTABILITY, HEALTH OR FITNESS FOR A PARTICULAR PURPOSE.**

The contracts also stated in red print that the buyer had read the "Pathogens and Disease-- Statement and Limited Replacement Policy" on the back of the contract form. The "Pathogens and Disease" statement listed pathogens that had been present in DeKalb's swine herds. It specifically listed "congenital tremor virus," the virus that causes Shaky Pig Syndrome.

Additionally, the contracts stated:

**LIMITATION ON DAMAGES. UNDER NO CIRCUMSTANCES SHALL DEKALB BE LIABLE TO BUYER FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES OR CLAIMS OF ANY KIND, WHETHER ARISING IN CONTRACT, TORT, NEGLIGENCE, STRICT PRODUCTS LIABILITY, STATUTORY OR REGULATORY VIOLATION OR UNDER ANY OTHER LEGAL THEORY.**

DeKalb agreed in the contract to replace swine infected with any of five specific diseases, which did not include Shaky Pig Syndrome.

The Brunsmans and the Nelsons contend that the limitation on the warranty provided by the DeKalb contract is unconscionable under Iowa Code Section 554.2302 (1995) (Uniform Commercial Code section 2-302(1)), because the warranty provided is actually illusory and has no value.

Under Iowa law, a court considering a claim of unconscionability should consider the factors of assent, unfair surprise, notice, disparity of bargaining power, and substantive unfairness. Gentile v. Allied Energy Prods., Inc., 479 N.W.2d 607, 609 (Iowa Ct. App. 1991) (citing C&J Fertilizer v. Allied Mut. Ins. Co., 227 N.W. 2d 169, 181 (Iowa 1975)). Whether a contractual term is unconscionable is a question of law. See Iowa Code § 554.2302(1) and comment 3.

The question is not a difficult one in this case, since the Brunsmans' and Nelsons' briefs concede that they agreed to the terms and that they were "free to go elsewhere for breeding stock." Thus, the factors of assent and disparity of bargaining power do not help the buyers. There can be no plausible claim of unfair surprise or lack of notice, since the limitation of warranty was in plain language, intelligible to a layman, and was printed in the most emphatic typeface on the front of the contract. Moreover, the front of the contract alerted the buyer to a statement on pathogens expressly stating that DeKalb's herd had been exposed to the virus that the boars were later found to carry. As for substantive unfairness, Iowa Code section 554.2316(2) (1995) permits parties to negate implied warranties if the exclusion meets certain standards, which the contracts in these cases met. The Brunsmans and the Nelsons have made no showing sufficient to establish that the limitations of warranties in their contracts were unconscionable as a matter of law. See Schweizer v. DeKalb Swine Breeders, Inc., 954 F. Supp. 1495, 1506 (D. Kan. 1997); cf. Rayle Tech., Inc. v. DeKalb Swine Breeders, Inc., 897 F. Supp. 1472, 1475 (S.D.Ga. 1995), aff'd, 133 F.3d 1405 (11th Cir. 1998); Urschel Farms, Inc. v. DeKalb Swine Breeders, Inc., 858 F. Supp. 831, 833-37 (N.D. Ind. 1994).

Having concluded that there is no basis for setting aside the limitation of warranty, we need not consider the remaining arguments in the appeal or cross appeal.

We affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.