IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10428
Summary Calendar
_____

JAMES YARCLAY,

                                        Plaintiff-Appellant,

versus

JIM BOWLES, Sheriff; ET AL,

                                        Defendants,

JIM BOWLES, Sheriff; STEVEN BOWERS, MD;
J. N. TRAUTMAN, Deputy; M. G. GIBSON, Deputy;
J. M. JAMESON, Deputy; T. L. WOODS, Deputy;
EDGAR MCMILLAN, Deputy Chief; DALLAS COUNTY, TX.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-579-AH
--------------------

February 10, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

     James Yarclay appeals the grant of summary judgment in favor

of defendants in his 42 U.S.C. § 1983 civil rights action.  In

his complaint, Yarclay alleged that the defendants violated his

constitutional rights by subjecting him to environmental tobacco

smoke (ETS) and then segregating him in retaliation for his

complaints concerning the smoke.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The smoking policy of the Dallas County jail provides that, upon written request, a non-smoking inmate be transferred from the general jail population to a smoke-free cell for legitimate health reasons. Yarclay contends that, by refusing to either ban smoking altogether or restrict the areas where smoking can occur, the defendants are deliberately indifferent to the dangers of ETS. The Supreme Court has held that the exposure of inmates, with deliberate indifference, to unreasonably high levels of ETS while incarcerated states a cause of action under the Eighth Amendment. <u>Helling v. McKinney</u>, 509 U.S. 25, 35 (1993). However, since the Dallas County jail policy allows for the movement of prisoners who complain that the ETS is affecting their health, it appears to meet the Supreme Court's requirement that prison authorities take steps to minimize the risk of exposure to ETS by non-smokers. Accordingly, Yarclay has failed to show that this policy is deliberately indifferent to his medical needs.

Yarclay argues that his placement in solitary confinement was unconstitutional because he was placed there solely as punishment for complaining about the ETS. The defendants provided summary judgment evidence demonstrating that, because the prison does not have sufficient housing facilities to separate smoking and non-smoking inmates, they have to transfer non-smoking inmates who complain about ETS from the general jail population to a single cell. Yarclay failed to counter this evidence.

If the moving party meets the initial burden of establishing that there is no genuine fact issue, the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The nonmovant cannot satisfy his summary-judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

Instead of pointing to evidence which supports his contention, Yarclay argues that he should have been allowed discovery to determine whether the reasons proffered by the prison authorities for not instituting a ban on cigarettes were legitimate. However, Yarclay has failed to adequately brief his argument concerning the need for discovery and has thus abandoned this argument. See United States v. Heacock, 31 F.3d 249, 258 (5th Cir. 1994).

Yarclay has failed to meet his summary judgement burden. Accordingly, the magistrate judge's order of summary judgment for defendants is AFFIRMED.

AFFIRMED.