IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30257
Summary Calendar
_____


LESLEY MARION

                    Plaintiff - Appellant

     v.

OCHSNER CLINIC OF BATON ROUGE ET AL

                    Defendants

OCHNSER CLINIC OF BATON ROUGE;
JOHN A. DEAN, M.D.; FEDERAL BUREAU
OF PRISONS,

                    Defendants-Appellees

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 95-CV-692
_____

November 21, 2001

Before KING, Chief Judge, and DAVIS and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

     Lesley Marion appeals from the district court's order

granting summary judgment in favor of the defendants in his

medical malpractice action brought pursuant to the Federal Tort

Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671, et seq.  Under the

FTCA, liability for medical malpractice is controlled by the law

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of the state in which the alleged malpractice occurred – Louisiana in this case. See Ayers v. United States, 750 F.2d 449, 452 n.1 (5th Cir. 1985). In order to recover damages in a medical malpractice case under Louisiana law, among other elements, the plaintiff must use medical expert evidence to establish the standard of care applicable to the defendant health-care providers. La. Rev. Stat. Ann. 40:1299.39 (West 2001); see Bailey v. State, 695 So. 2d 557, 559 (La.Ct.App. 1997).

Marion does not contest the fact that he failed to provide the district court with medical expert evidence on the issue of the applicable standard of care. Rather, he argues that such evidence was not required in his case because the negligence he suffered is of such a nature as to be obvious to a layperson. We disagree. The complex medical and factual issues involved in establishing how thoroughly the defendants were required to search Marion's person for the missing, implanted Penrose drain is beyond the province of lay persons to assess. Thus, Marion was required under Louisiana law to provide medical expert evidence to establish the standard. See Pfiffner v. Correa, 643 So. 2d 1228, 1234 (La. 1994).

We have reviewed the record, the briefs of the parties, and the applicable law, and we discern no reversible error. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(e). The district court judgment is AFFIRMED.