PIERCE, Justice,
dissenting:
¶ 20. The majority finds that the circuit court erred in granting summary judgment. Because I believe that a genuine issue of material fact does not exist in this case, I dissent.
¶ 21. Summary judgment is proper “against a party who fails to make a showing sufficient to establish the existence of an element essential to that party’s case, and on which that party will bear the burden of proof at trial.”[1] The nonmovant cannot simply “rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.”[2]
¶ 22. Hester, as the movant, had the burden of proving that a genuine issue of material fact did not exist. And he met that burden. Hester’s fence was constructed of standard issue forty-eight-inch-tall “horse and cattle box wire.”[3] This fencing is made specifically to construct enclosures for horses and cattle-thus, the name. The fence consisted of six-foot *1031 steel posts roughly every ten feet. Hester testified that he visually inspected the fence every night when he fed the horses, including the night of the accident.
¶ 23. The issue the Ladniers raise on appeal is the adequacy of the fencing material, specifically arguing that “[a] reasonable person should have known that ‘field fence’ with no barbs or spikes could be compromised” and “whether Hester should have known a smaller, shorter, barbless fence was reasonable under the circumstances.” Although they claim that the fencing was inadequate because it lacked barbs, they offer no evidence, affidavit, or testimony that only barbed-wire fencing is sufficient to restrain three horses. No evidence was offered to show that the fencing material was inadequate on its face or that there were any problems with Hester’s fence specifically. Nor was any evidence offered that the fence was not properly secured to the six-foot steel posts. In fact, Mrs. Ladnier stated in her deposition that she was unaware that any problem existed with the fence. In his deposition, Mr. Ladnier said that, for his horses, he used a “high intensity fence and it’s all electric and it’s ran off solar.” Yet, nowhere did the Ladniers assert that such a “high intensity fence” is the industry standard for fencing horses.
¶24. The Ladniers offered only self-serving assertions that Hester’s fence was inadequate, which is not enough to avert summary judgment. The Court of Appeals noted in its opinion that “‘bare assertions are simply not enough to avoid summary judgment.’ ”[4] The Ladniers cannot rest on the argument that the horses escaped, therefore Hester is liable.
¶ 25. Mississippi Rule of Civil Procedure 56 was created “to expedite the determination of actions on their merits and eliminate unmeritorious claims or defenses without the necessity of a full trial.”[5] By reversing the Court of Appeal’s ruling and remanding this issue to trial, this Court enables an unmeritorious claim to proceed against the interest of judicial economy and waste valuable judicial resources.
¶ 26. Agriculture is a 7.02 billion-dollar industry for Mississippi.[6] There are about 42,400 farms in this State covering more than 11.2 million acres.[7] In 2011 alone, there were 17,752 cattle/calf farms totaling more than 900,000 head of cattle, bringing in $155 million to the State’s economy.[8] And that is simply the cattle numbers-not all livestock. Allowing the self-serving statements of the plaintiffs to force a livestock-owner into trial places too great of a strain on the many livestock owners of this State.
¶ 27. For the reasons presented, I dissent. I would affirm the ruling of the Court of Appeals and the trial court.
CHANDLER, J., JOINS THIS OPINION.

. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), adopted by the this Court Galloway v. Travelers Ins. Co., 515 So.2d 678, 683 (Miss. 1987).

. Miss. R. Civ. P. 56(e).

.This fencing is also known as a “field fence” or "net wire.” No matter the name, it is galvanized steel fencing compiled of small grids or mesh. This fencing is specifically designed for corralling large livestock such as horses and cattle.

. Ladnier v. Hester, 98 So.3d 1074, 1078, ¶ 12 (Miss.Ct.App.2011), reh’g denied (Jan. 17, 2012) (quoting Watson v. Johnson, 848 So.2d 873, 878 (Miss.Ct.App.2002)).

. Miss. R. Civ. P. 56 cmt.

. See United States Department of Agriculture Economics, Statistics, and Market Information System, National Agriculture Statistics Service: Farms, Land in Farms, and Livestock Operations, http://usda.mannlib.comell.edu/ MannUsda/viewDocumentInfo.do?document ID=1259 (Last visited August 14, 2012.)

. Id.

. Mississippi Department of Agriculture, Mississippi Agriculture Overview (December 2011), http://www.mdac.state.ms.us/agency/ agriculture-in-mississippi.htm (Last visited August 14, 2012).